

14CV7171
JUDGE THARP JR.
MAG. JUDGE VALDEZ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SIMEON LEWIS, Estate simeon washa amen ra Ex, Plaintiff<br><br>    **vs.**<br><br>BNSF RAIL WAY COMPANY, C.E.O. - Matthew K. Rose Defendant, Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action File No:** _____<br><br>**Complaint**<br><br><br>**_Jury Trial Demanded_** |

**FILED**

SEP 1 5 2014

## COMPLAINT AND OPENING STATEMENT

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOW comes Plaintiff, *pro se*, and complains of Defendants and alleges as

follows: This is a civil action against the Burlington Northern Santa Fe Railway

(BNSF) and subordinates of Mathew K. Rose, whom currently are participating in

violations involving willful and unlawful deprivation of constitutionally

guaranteed rights, discrimination, harassment and retaliation all in violation of

Title VII of the Civil Rights Act of 1964, 42 U. S. C § 2000 et seq., Title 42 U.S.C

section 1981. At all times relevant herein the Defendants, employed as Railroad

Company employees, agents are acting outside of the scope of their jurisdiction and authority.

This Plaintiff would like to invoke the decisions of HAINES V. KERNER (1972) 404 US where the words of a Pro Se litigant are liberally construed and held to less rigorous standards (see Elliot v. Bronson (1989, CA Conn) 872 F2d 20.) than pleadings drafted by lawyers and dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him to relief (ALSO SEE Estelle v. Gamble, 429 U.S. 97, 105 (1976), Denton V. Hernandez (a992), and Erickson V. Pardus (2007). We also invoke the decision of SANNER V. THE BOARD OF TRADE 62F .3d 918, 925 (7th Cir.1995) as a PLAINTIFF. In Sanner all well pleaded facts made by a plaintiff are accepted with a sort of deference in a case. Plaintiff Alleges:

## Jurisdiction and Venue

Plaintiff invokes the jurisdiction of this court pursuant to common law and under the United States Constitution Article 3 Section 2 as well as 28 U.S.C §1332, which is Diversity Jurisdiction. Violations of defendants were all committed within the geographic jurisdiction of the United States District Court of Northern Illinois Eastern Division. The defending party has its headquarters located in State of Texas.

## Parties

1. Simeon Washa Amen Ra (hereinafter Plaintiff) is One of We the People, an indigenous inhabitant traveler temporarily in one of these several states of the united States of America called Illinois and at all times relevant in this case is a U.S. National and not a U.S. citizen. Plaintiff is a natural man and is domiciled in Cook County, Illinois state republic, Northwest Territory, United States of America.

2. On information and belief, BNSF RAILWAY COMPANY is a for-profit Delaware corporation bearing Delaware Secretary of State File No. 0325720, is foreign to this republic state of Illinois and bears Illinois Secretary of State filing 49629346. Address is 2500 LOU MENK DR, FORT WORTH, TX 76131-2828002.

3. Defendant Mathew K. Rose is the Chief Operating Officer of BNSF RAILWAY at all times relevant to this complaint, was, and is responsible for compensating, enriching, rewarding, and making policy for Defendant officers and is being sued as a person in its official and individual capacity.

## Factual Allegations

4. On February 10, 2010, Defendant was made aware of the Plaintiffs correction of Ethnicity, Citizenship status. Through Affidavit, Plaintiff requested that the Human Resource Department of Defendant change and correct the way Plaintiff's Ethnicity as well as his Citizenship status was listed in the company's data base. **See Exhibit AA.**

5. On February 10, 2010, the Human Resource Department of Defendant was also made aware of Plaintiff's request for the discontinuance of identification by a social security account number. Through Affidavit, Plaintiff requested that Defendant remove the social security account number attached to the Plaintiff's name in the company's data base. **See Exhibit AA.**

6. On April 10, 2010, Defendant's agents corrected the Ethnicity portion from African American to read Native American but would not correct the Citizenship portion to read U.S. National as opposed to U.S. citizen nor did Defendant remove social security account number. **See Exhibit BB.**

**7.** On April 10, 2010 Plaintiff was also made aware that the Defendant would not discontinue the use of a social security account number to identify the Plaintiff.

**8.** On or about November 10, 2010, Plaintiff reached out to Human Resource Manager Cathy McGee to get involved once again in regards to correcting Citizenship status and removal of the social security number to identify him. This correspondence went on until August 08, 2011, and was absolutely ineffective.

**9.** On November 11, 2011, Plaintiff reached out to Human Resource Manager, Duncan Brown help resolve the issue and after nearly one year of communication his ultimate response was the "company's data base and system cannot be customized to meet your single request". Plaintiff's simple request to be listed as U.S National was again denied. **See Exhibit CC email.**

**10.** On or about December 12, 2012, Plaintiff reached out to Human Resource Manager, Keith Evans to help resolve the issue once more. After some back and forth emails and phone calls, Mr. Evans informed Plaintiff that the local Human Resource Department could not help him and referred him to the Director of EEO Mr. Gill Gallegos.

**11.** On or about January 02, 2013, Plaintiff contacted Mr. Gill Gallegos the EEO Officer and was informed that his office could not correct my Citizenship status

and that I should go back and contact my local Human Resource Department. **See Exhibit DD email.**

**12.** On or about April 01, 2013, Plaintiff mailed a certified letter to Defendant with a final request to discontinue the use of a social security account number for identity purposes to AVP and General Tax Counsel, Douglas Hinds.   Defendant was told once again that the social security account number would not be removed. Plaintiff has made an attempt every year 2010-2014 to try and stop Defendant from using a Social Security Account Number to identify him on any work related documents including any documents that would be considered "TAX RELATED" with the IRS. **See Exhibit EE**

The number in question is an account number and belongs to the Social Security Administration as stated on the back of the card.

## COUNT I
## DISCRIMINATION BASED ON CITIZENSHIP/NATIONALITY

**13.**   Plaintiff incorporates the allegations1 through 12 above.

**14.**   Defendant was made aware of Plaintiffs correction of Ethnicity, Citizenship status on or about February, 2010. Through Affidavit, Plaintiff requested that Defendant change and correct the way his Ethnicity as well as his Citizenship status was listed in the company's data base. The company's agents corrected the Ethnicity portion from African American to Native American but would not

correct the Citizenship portion to read U.S. National as opposed to U.S. citizen.

**15.** Defendant has continued to classify Plaintiff as a U.S. citizen against his wishes in spite of lawful documentation and proof presented by Plaintiff. Plaintiff has taken all lawful measures to corrected citizenship status. Defendant's agents have gone out of their way to prevent the status correction from being entered into the company's data base. Defendant's agents have blatantly made it clear that they are not willing to abide by the law and have taken measures to prevent Plaintiff's status from being entered into his personnel file. Defendant is not and has not acted in good faith.

**16.** Plaintiff has made Defendant aware that their actions can be construed as an act of Denationalization and that they are in direct violation of the:

    (a) SUPREMACY CLAUSE in article VI, of the United States of America constitution.

    (b) United Nations UN60/147- Human Rights.

    (c) My Indigenous Status (DRIPS) in the Treaty; Article II of the United Nations Declaration A/RES 15/1514 right to self-determination

## COUNT II
## DISCRIMINATION BASED ON RELIGIOUS BELIEFS

**17.** Plaintiff incorporates the allegations1 through 16 above.

**18.** Defendant was made aware through numerous requests by Plaintiff, to discontinue any identification by way of a social security account number due to Plaintiff's Religious beliefs.

Through Affidavit, Plaintiff was clear and adamant that there was to be no use of a social security account number attached to the Plaintiff's name in any form or fashion. Over the course of four years the Plaintiff has made repeated attempts to stop the Defendant from using a social security account number to identify him to no avail. Plaintiff pointed out to Defendant that there are at least four sections in Title 26 United State Code (U.S.C.) as well as Title 26 Code of Federal Regulations (CFR) which is the corresponding parallel table of authority, that apply to non-use of a social security number.

Plaintiff also noticed Defendant that that the reporting of a social security account number on a form W-2 would cause an improper reporting of alleged tax liability with the IRS but the Defendant's agents refused to address the problem. It is Plaintiff's belief that forms W-2, W-4 relate to tax class 5 which is "Gift and Estate Taxes" and not "Income Taxes".

**19.** Plaintiff has also made Defendant aware that the actions that they are taking against him can be construed as a direct violation of :

**19(a).** Section 7 of the Public Law 93-579 provides that:

``(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

``(2) the [The] provisions of paragraph (1) of this subsection shall not apply

with respect to—

``(A) any disclosure which is required by Federal statute, or

``(B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

``(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it."

**19(b).** Civil Rights Act of 1964 section 703(a)(1), Title VII, Section 2000e-2(a)(1)

makes it unlawful to discriminate against any employee or perspective employee on the bases of his or her religion. If there is no requirement by the Federal Government how can Defendant continue to force the use of said number?

**20.** Plaintiff also sent a case of reference in support of my religious beliefs to Defendant of my right not to be identified by a social security account number. Defendant was given a copy EEOC v. Information Systems Consulting (1992) decree, Protected Individual Information, Illinois Human Rights Act (775 ILCS 5/ Article 1 General Provisions, (775 ILCS 5/2-101) Article 2 Employment (F)

Religion, The Universal Declaration of Human Rights. **See Exhibits FF, FF1, FF2, FF3, GG.**

**21.** Plaintiff has made Defendant aware of the basic Constitutional First Amendment protection of the free exercise of religion. Plaintiff's request for Religious observance would in no way place hardship or prevent Defendant from conducting business.

**22.** Defendant could have very easily honored Plaintiffs request in regards to the discontinued use of a social security account number in light of the fact that Plaintiff made Defendant aware of U.S.C and C.F.R. regulations that relieves an employer of any penalty or fines. **See Exhibit HH.**

## COUNT III
## RETAILIATION IN VIOLATION OF 42 U.S.C. sec. 1981

**23.** Plaintiff incorporates the allegations1through 22 above.

**24.** Title 42 section 1981 prohibits an employer from retaliating against an employee for complaining of discrimination.

**25.** On or about December 06, 2012, while working the 07 Brakeman Position, Plaintiff became aware that the 03 Conductor position was open for bid placement. Plaintiff applied for the promotion but was denied only to find out that after seventeen (17) years of service, Defendant was claiming that there was no record of Plaintiff taking the required exams that would have made Plaintiff a qualified Conductor. Plaintiff had been listed as a qualified Conductor in the past

with no issues in regards to taking and passing required examinations. Plaintiff

has taken and completed all required yearly exams for the past twenty one (21)

years as of the date of complaint. The Defendant restricted Plaintiff's seniority for

nineteen (19) months beginning on or about 12/26/12 through 07/10/14 wherein

Plaintiff was not allowed to work in promoted positions that he was well qualified

for in the past. (**See Exhibit I I**). Defendant is well aware that in order to work for

the BNSF RAILWAY all employees that were hired after 1992 were required to

take and pass the mandated Conductors exam in order to maintain employment.

Plaintiff has been employed with Defendant since 1993 and has a Conductors

seniority date of 12/19/95. Page 3 of Exhibit I I has Plaintiff's name listed as

Simeon Lewis, Plaintiff changed name to Simeon W. Amen RA in 2010.

## COUNT IV
## HARASSMENT IN VIOLATION OF 42 U.S.C. sec. 1981

**26.** Plaintiff incorporates the allegations 1 through 25 above.

**27.** Defendant agents placed plus symbol (+) next to Plaintiff's name as it appears

on the employee roster that fellow workers view each day before work. The plus

symbol was placed next to Plaintiff's name to inform company employee's

responsible for placing Conductor's on certain jobs that Plaintiff was not allowed

to be placed as a qualified Conductor.

**28.** Defendant allowed employee's with less seniority to work ahead of Plaintiff in

the promoted position of 03 conductor, a position that Plaintiff was well qualified

for. Based on Plaintiff's research he could not find a fellow employee who began

employment after 1992 who was labeled a non-qualified conductor based on lost examination results. The (+) symbol was place next to Plaintiff's name sometime around December 2012 and remained until around March 2014. **See Exhibit JJ.**

**Plaintiff is seeking treble damages in his Request for Remedy under:**

**TITLE I - FEDERAL CIVIL RIGHTS REMEDIES**
**DAMAGES IN CASES OF INTENTIONAL DISCRIMINATION**
**SEC. 102**

**Wherefore**, Plaintiff Simeon W. Amen Ra requests this Honorable Court to enter judgment in favor of Plaintiff against Defendant and award Statutory, Compensatory and Punitive Damages as well as any other damages seen fit by this honorable court. Total amount $300,000.00 x 4=$1,200,000.00

Respectfully submitted,

/s/ simeon washa amen re Ex
P.O. Box 199273
Chicago, Illinois 60619

Dated this _15_ day of September, 2014

On this _12_ day of September 2014 before me personally appeared _Simeon N. Amon Ra_ whose identity was proven to me on the basis of satisfactory evidence to be the man who he claims to be, and acknowledged that he signed the document above in his stated capacity.

(Seal)

"OFFICIAL SEAL"
Cheryl D. Moore
Notary Public, State of Illinois
My Commission Expires February 1, 2015

_Cheryl D. Moore_

Notary Public

Dated this _12th_ day of _September_ , 2014

Entry of Appearance and Complaint

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiffs, hereby certifies that on
September 12, 2014, he served a copy of the above Complaint, and this
certificate of service, on:

    BNSF RAIL WAY COMPANY
    C.E.O. MATTHEW K. ROSE
    C/O Hannah Stadheim, Human Resources
    3611 West 38th Street
    Chicago, Illinois 60632

By certified mail: 7013 2250 0002 2516 2439

                                    Respectfully submitted,


                                    /s/ simeon washa amen re Ex
                                    P.O. Box 199273
                                    Chicago, Illinois 60619

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIMEON LEWIS, Estate | ) **Civil Action File** |
| simeon washa amen ra Ex, | ) **No.:** _____ |
| Plaintiff | ) **ORDER CONCERNING** |
| | ) **PLAINTIFFS' COMPLAINT** |
| **vs.** | ) |
| BNSF  RAIL WAY COMPANY, | ) |
| C.E.O. - Matthew K. Rose | ) |
| Defendant, Respondent | |

_____

**ORDER CONCERNING PLAINTIFFS' COMPLAINT**

_____

Having considered the Motion and Plaintiff's Opposition, and good cause
being found on behalf of the Plaintiff, the Court HEREBY ORDERS:
_____. This ____ day of _____, 2014.


        Judge _____


        Deputy Clerk / Secretary_____


Entry of Appearance and Complaint

Certified Mail Receipt:

state of Illinois )
                  ) ss:
county of cook    )

# AFFIDAVIT OF TRUTH IN SUPPORT OF COMPLAINT

## NATIONALITY

_"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982

- I Simeon W. Amen Ra am of the age of maturity to make this affidavit and the testimonial facts herein

- I Simeon W. Amen Ra am mentally competent to make this Official Affidavit of Testimonial Facts for the Court Record

- I Simeon W. Amen Ra have personal knowledge of the facts in this testimony and affidavit

- This affidavit is made under penalties of perjury and must be responded to by a counter affidavit by any and all parties within 30 days or it will stand as undisputed fact as a matter of law

- Any and all responses must be in affidavit form under your full commercial liability, rebutting each of my points, on a point-by-point basis, and Declarations are insufficient, as declarations permit lying by omission, which no honorable presentment may contain.

"I Minister Simeon W. Amen Ra declare under penalty of perjury under the laws of the Aboriginal Republic of North America/International Indigenous Society and the United States of America that the foregoing is true and correct.

[Made Pursuant to Title 28 USCA Section 1746][1]

---

[1] Ferguson v. Commissioner of the Internal Revenue 921 F. 2d. 588 (5th Circuit 1991] 'Court abused its discretion in refusing testimony of witness who refused, on religious grounds, to swear or affirm, and who instead **offered to testify accurately and completely and to be subject to penalties for perjury**".

1

1. Affiant, Minister Simeon Washa Amen Ra (Natural Living Flesh and Blood Being)

   Nationality: Aboriginal-Indigenous Native American/Moor
   Nationality Federal Race Code: 667
   Unique Identifier/Hierarchical Code: 1237-7/R1.01.052.004
   United States Department of Justice Credentials: Indigenous Moor AA 222141 – TRUTH A-1.
   United States Department of State Federal Auth# 06013144-1

2. Affiant has made the BNSF aware of his protection under International Law United Nations Declaration on the Rights of Indigenous Peoples (Article 6) – Every Indigenous individual has a right to a nationality.

3. Affiant has made the BNSF aware of his protection under United Nations Declaration of Human Rights (Article 15) (1) – Everyone has the right to a nationality (2) No one shall be arbitrarily deprived nor denied the right to change his nationality.

* Pursuant to The Declaration of Indigenous Rights enacted by the Organization American States which the United States and all its Departments are subject to All Articles Incorporated

* Pursuant to the United Nations Declaration of the Rights of Indigenous Peoples UN 61/195 All Articles Incorporated

* Pursuant to UN 60/147 Basic Principles and Guidelines on the Right to a Remedy and Reparation for Victims of Gross Violations of International Human Rights Law and Serious Violations of International Humanitarian Law

* Pursuant to the Treaty of Watertown 1776 and the United States Constitution [Article VI]

* Pursuant to United States Code Title 18 Section 112 Protections of Internationally Protected Persons

* Pursuant to United States Code Title 18 Sections 241 Conspiracy Against Rights & 242 Deprivation of Rights Under Color of Authority

The above mentioned Aboriginal is a U.S. National according to Treaty and Vol 66 stat 238 (US Statutes) & USC 8 Section 1401(b).

4. Affiant has provided the BNSF with the following documents:

(a) Citizenship Status is that of a U.S. National, authenticated by former U.S. Secretary of State-Condoleezza Rice.

(b) Form W-8BEN.

(c) Form I-9 stating that Amen Ra is a non-citizen national.

2

(d) Form 56-Notice Concerning Fiduciary Relationship, cancelling any alleged Fiduciary relationship with the IRS.

(e) United Nations Resolutions -- UN A/RES/60-147, UN A/RES/ 61-295.

**5.** Affiant has informed the BNSF that Religious beliefs are sincere through action and words.

**6.** Affiant has informed the BNSF of their possible First Amendment Violation (Religion), Fifth Amendment (Due Process), as well as Human Rights Violations.

Respectfully Submitted,

_Simeon W. Au Rg_

All Rights Reserved

On this _12_ day of September 2014, before me personally appeared _Simeon W. Amen Rg_ whose identity was proven to me on the basis of satisfactory evidence to be the man who he claims to be, and acknowledged that he signed the document above in his stated capacity.

(Seal)

"OFFICIAL SEAL"
Cheryl D. Moore
Notary Public, State of Illinois
My Commission Expires February 1, 2015

_Cheryl D. Moo___

Notary Public

Dated this _12th_ day of _September_ , 2014

TO:  BNSF RAIL WAY COMPANY
C.E.O. MATTHEW K. ROSE
C/O Hannah Stadheim, Human Resources
3611 West 38th Street
Chicago, Illinois 60632

3