# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 14-cv-7173 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| BNSF RAILWAY COMPANY, and | ) | |
| MATTHEW ROSE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Simeon Lewis, also known as Simeon Wasah Amen Ra, ("Plaintiff"), filed this lawsuit seeking relief from Defendant BNSF Railway Company's ("Defendant")[1] withholdings of his wages pursuant to IRS levies for federal tax liability and child support payments. Plaintiff filed two motions seeking a preliminary injunction. Defendant then filed a motion to dismiss. The Court referred the motions for preliminary injunction to Judge Sheila Finnegan for a report and recommendation. The Court also referred the motion to dismiss to Judge Finnegan.

Judge Finnegan recommended denying the motions for preliminary injunction and granting the motion to dismiss. *See* 12/12/14 Rep. & Recommendation (motions for preliminary injunction) (hereinafter, "*R&R I*"); 2/3/15 Rep. & Recommendation (motion to dismiss) (hereinafter "*R&R II*"). Plaintiff has filed objections to both *R&R I* and *R&R II*. After reviewing Plaintiff's objections, and for the reasons provided herein, the Court adopts in full Judge

---

[1] Though Defendant Matthew Rose is also named, Plaintiff asserts no factual allegations against him, and he consequently will be dismissed from this lawsuit under Federal Rule of Civil Procedure 12(b)(6). *See infra* Section IV.

Finnegan's *R&R I*, denying the motions for preliminary injunction. The Court also adopts in full Judge Finnegan's *R&R II*, granting Defendant's motion to dismiss.

## Factual Background

Judge Finnegan's Report and Recommendation on the motions for preliminary injunction contains a succinct statement of the factual and procedural background of this case. The Court adopts these factual recitations here. *See R&R I* 2–6 (facts concerning federal tax liability); *id.* 9–12 (facts concerning child support payment and wage garnishment).

The Court also adopts Judge Finnegan's statement of facts in connection with Defendant's motion to dismiss, which provide a general overview of the case:

> From 2005 through 2010, in his Form W-4s, Plaintiff claimed he was exempt from federal income tax withholdings. On February 11, 2010, the IRS sent a lock-in letter to BNSF, Plaintiff's employer, instructing it to withhold federal income taxes from Plaintiff's wages at the single rate with zero withholding allowances. On or about October 22, 2010, BNSF began complying with the IRS's instructions. Over the next several months, Plaintiff repeatedly demanded BNSF stop withholding federal income taxes from his wages. Despite Plaintiff's demands, BNSF only temporarily adjusted the withholding rate when instructed to by the IRS, and otherwise continued (and still continues) to withhold federal income taxes from Plaintiff's wages at the single rate with zero allowances.
>
> BNSF also turned over an additional portion of Plaintiff's wages to the IRS from about October 22, 2012 through about June 4, 2014, pursuant to a September 22, 2012 IRS notice of levy. The notice of levy purported to seek payment for Plaintiff's unpaid income taxes, interest and penalties for 2007 through 2009. Finally, in addition to these withholdings, since about June 22, 2014, BNSF has withheld $420 semi-monthly from Plaintiff's wages for child support, pursuant to an Illinois court order.

*See R&R II* 2.

## Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), after a magistrate judge issues a report and recommendation, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2). That is, "Rule 72(b) of the Federal Rules of Civil Procedure requires a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion to file 'written, specific objections' to the report." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). After these responses are made, a district judge reviews *de novo* "any part of the magistrate judge's disposition that has been properly objected to . . . . The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Seventh Circuit has further articulated the *de novo* standard:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." *Id.* That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

## Legal Standards

### I. Preliminary Injunction

A party seeking a preliminary injunction must show (1) that its case has "some likelihood of success on the merits," and (2) that it has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.*, 651 F.3d 684, 694

(7th Cir. 2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.* The district court's weighing of the facts is not mathematical in nature; rather, it is "more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895–96 (7th Cir. 2001) (quoting *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir. 1992)).

## II. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

**III. Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

## Report and Recommendation — Preliminary Injunction

Plaintiff previously filed two motions for injunctive relief, which the Court referred to Judge Finnegan for issuance of a report and recommendation. *See* 9/29/14 Min. Entry. Judge Finnegan issued her *R&R I*, finding that the Court lacked jurisdiction to issue the injunctions. Plaintiff filed several objections to this finding. The Court examines these objections below.

**I. Enjoining of Wage Withholdings and IRS Levy**

Judge Finnegan's Report and Recommendations found that the Anti-Injunction Act, 28 U.S.C. § 7421, deprives this Court of subject matter jurisdiction to issue the injunctions Plaintiff seeks with regards to his federal tax liabilities. Like Judge Finnegan, the Court starts its analysis with this threshold jurisdictional question. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002).

As Judge Finnegan correctly noted, under the Anti-Injunction Act, except in limited circumstances that do not apply here,[2] "no suit for the purpose of restraining the assessment or

---

[2] Under the Anti-Injunction Act, "courts may impose an injunction regarding tax collection practices, but only if two requirements of a narrow exception are met: (1) that it is apparent, under the

5

collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The purpose of this statute is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Mejia*, 2013 WL 1337191, at *2 (citing *Enochs*, 370 U.S. at 7). "It has been broadly interpreted to apply not just to the assessment and collection of taxes, but to 'activities which are intended to or may culminate in the assessment or collection of taxes.'" *Id.* (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976)).

Plaintiff objects to Judge Finnegan's holding concerning the Anti-Injunction Act. First, Plaintiff argues, without citation to legal authority, that the Anti-Injunction Act has no bearing on this lawsuit. Plaintiff also argues that there is no implementing regulation corresponding to "his right not to have a 26 U.S.C. Subtitle A withholdings." *See* Pl.'s Obj. 3. Lastly, Plaintiff incorporates the arguments he made in his reply briefing: that he is not liable for various federal taxes; that paying these taxes is voluntary; and that the IRS does not have statutory authority to collect taxes. *See* Pl.'s Reply Supp. Mot. Prelim. Inj. 2–4.

These objections all lack merit. First, Plaintiff cites no case law or legal authority that convinces this Court that the Anti-Injunction Act would not operate as a bar to issuing the injunction Plaintiff seeks. Furthermore, despite Plaintiff's insistence that he only seeks relief against Defendant, and not against the federal government, in reality, Plaintiff's request amounts to "an action to enjoin the Government from collecting taxes." *Stefanelli v. Silvestri*, 524 F.

---

most liberal view of the law and the facts, that the United States cannot establish its claim to the funds, and (2) the taxpayer demonstrates that collection would cause him irreparable harm." *See Mejia v. Verizon Mgmt. Pension Plan*, No. 11 C 3949, 2013 WL 1337191, at *2 (N.D. Ill. Mar. 29, 2013) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Plaintiff has offered no evidence to satisfy either requirement.

Supp. 1317, 1319 (D. Nev. 1981), *aff'd*, 698 F.2d 1232 (9th Cir. 1982). Plaintiff asks this Court to enjoin Defendant from withholding his wages pursuant to an IRS directive and from complying with any notices of levy issued by the IRS. Plaintiff plainly asks this Court to enjoin IRS collection efforts. To the extent that Plaintiff objects that IRS directives, notices, and levies are not valid because the IRS has not produced a court order, this objection also falls short. *See Beck v. McKinney*, 16 F. App'x 482, 483 (7th Cir. 2001) ("The Act bars groundless suits to defeat collection efforts, even those styled as objections to the IRS's assessment and collection methods rather than to the tax itself."). Plaintiff's objection that he is exempt from paying federal taxes because he is a Native American or that paying federal taxes is voluntary similarly fail. *See Squire v. Capoeman*, 351 U.S. 1, 6 (1956) (Native Americans subject to federal income tax liability); *United States v. Small*, 487 F. App'x 302, 304 (7th Cir. 2012) (rejecting argument that income tax payment is voluntary).

In sum, Plaintiff's objections are either meritless or unpersuasive.[3] The Court fully adopts Judge Finnegan's well-reasoned Report and Recommendation denying Plaintiff's motion to enjoin Defendant from withholding taxes in compliance with IRS directives.

**II. Enjoining of Child Support Wage Garnishment**

Judge Finnegan also found devoid of merit Plaintiff's request that the Court restrain Defendant from garnishing wages based on income-withholding orders issued pursuant to a state child support order. The Court agrees.

To the extent that Plaintiff argues that the underlying state court judgment requiring child support lacks merit, this challenge is barred by the *Rooker-Feldman* doctrine. As Judge Finnegan noted, Plaintiff's child support payments and domestic custody matters were

---

[3] Because the Court finds that the Anti-Injunction Act deprives it of jurisdiction to issue the injunction that Plaintiff seeks, the Court does not reach Plaintiff's other objections.

determined in state court proceedings, and under the *Rooker-Feldman* doctrine, "federal district courts cannot review the merits of decisions made by state courts in civil litigation" by issuing an "injunction that will alter the state court's allocation of custody and the level of child-support payments." *Mannix v. Machnik*, 244 F. App'x 37, 38–39 (7th Cir. 2007).

Furthermore, to the extent that Plaintiff argues Defendant did not properly withhold his wages because the income-withholding orders were not accompanied by a "court order signed by a judge," this argument also fails. *R&R I* (quoting Pl.'s Reply 11). As Judge Finnegan points out, Plaintiff's argument is factually incorrect; the child support order is self-executing and authorizes the issuance of income-withholding orders to employers "without further order of the Court." *See R&R I*, 10–13 (quoting Exs. Def.'s Resp. Mot. Preliminary Inj., Ex. 1, 4 (Child Support Order)). Defendant followed the proper procedures in garnishing Plaintiff's wages in accordance with the income-withholding orders it received. Plaintiff cites no authority establishing otherwise.

Plaintiff offers three objections to these findings. First, he objects to Judge Finnegan's reference to an unrelated case involving different child support withholdings for children Plaintiff had with Mona Miller. *See* Pl.'s Obj. 4. But Judge Finnegan's reference to the Miller order has no bearing on her determination. Second, Plaintiff objects to Judge Finnegan's finding that Rose Harding (whose children with Plaintiff *are* the subject of the withholdings he seeks to enjoin) initiated a lawsuit against him in state court. *See id.* 9. But the docket from the state court reveals Harding as the plaintiff and shows that she filed a petition for administrative declaration of parentage against Plaintiff.[4] This objection also lacks merit.

---

[4] As noted in Judge Finnegan's Report and Recommendations, the docket for these proceedings can be accessed at http://www.cookcountyclerkofcourt.org. *See R&R I*, 13 n.8. As of the date of issuance of this Order, state court proceedings in Case No. 2007D080461 are ongoing.

Lastly, Plaintiff objects that the state court no longer has jurisdiction over him in the domestic relations matter. *See id.* 5. Plaintiff does not explain why this is so. In any case, the Seventh Circuit has long held that child support matters are the purview of state courts, which have the specialized expertise and staff necessary to handle child custody matters. *See Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007) ("State courts, moreover, are assumed to have developed a proficiency in core probate and domestic-relations matters and to have evolved procedures tailored to them, and some even employ specialized staff not found in federal courts."). Indeed, this recognition, "akin to a doctrine of abstention[,]" operates as an additional bar to this Court retaining jurisdiction over a child-custody matter. *Id.*, at 859–60.

None of Plaintiff's objections alter this Court's views that *Rooker-Feldman* bars any challenge Plaintiff seeks to bring against the underlying child support order and that Defendant followed the correct procedures in garnishing Plaintiff's wages in accordance with income-withholding orders. The Court fully adopts Judge Finnegan's well-reasoned Report and Recommendation denying Plaintiff's motion to enjoin the Defendant from garnishing his wages for child support obligations.

## Report and Recommendation — Motion to Dismiss

Plaintiff has also filed objections to Judge Finnegan's *R&R II* recommending that the Defendant's motion to dismiss be granted. The Court will address Plaintiff's objections on each count below.

### I. Tax Liability (Counts I & II)

In contrast to the finding on the motion for injunctive relief, Judge Finnegan found that the Anti-Injunction Act did not prohibit Plaintiff from seeking *monetary* relief and consequently

9

the Court had subject matter jurisdiction to entertain such claims.[5] However, Judge Finnegan also found that, under 26 U.S.C. § 3403, employers like Defendant are immune from lawsuits by any person for complying with the requirements of income tax collection. *See Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993) (when a private entity "is acting as a private tax collector pursuant to federal tax laws, it is immune from suit" and the "sole remedy was to initiate a tax refund claim against the government") (citing 26 U.S.C. § 3403). Crucially, "[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability." *See Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984).

For his part, Plaintiff argues that 26 U.S.C. § 3403 does not authorize Defendant to withhold income tax. *See* Pl.'s Obj. 7–8. This is correct, but beside the point. Judge Finnegan relied on 26 U.S.C. § 3403 for the proposition that the Defendant is immune from suit for improper withholdings, not for the proposition that it authorized the Defendant to withhold the tax in the first instance.

Plaintiff also objects on the grounds that 26 U.S.C. § 3403 is not enforceable because there are no implementing regulations. *See* Pl.'s Obj. 8. But "[p]rovisions of the Internal Revenue Code generally do not require implementing regulations as a prerequisite to enforcement." *Stafford v. C.I.R.*, 73 T.C.M. (CCH) 1848 (T.C. 1997), *aff'd*, 146 F.3d 868 (5th Cir. 1998) (citing *Occidental Petroleum Corp. v. Commissioner*, 82 T.C. 819, 829 (1984)). Additionally, Plaintiff contends that Judge Finnegan's citations to the United States Code and the Internal Revenue Code were improper, but as Plaintiff's own authority makes clear, these code

---

[5] Plaintiff spends some time objecting to the applicability of the Anti-Injunction Act as a bar to his suit to recover monies that were withheld from his paycheck. *See* Pl.'s Obj. 4–7. But Judge Finnegan agreed with Plaintiff in this regard, finding the Anti-Injunction Act did not bar consideration of the claims for *monetary* relief. *See R&R II* 5–7.

sections are interchangeable. *See* Pl.'s Obj. 8 ("The sections of Title 26, United States Code, are identical to the sections of the Internal Revenue Code.").

Lastly, as the Defendant points out, many of the cases that Plaintiff cites actually support Judge Finnegan's ruling that a suit against an employer is not the proper vehicle to obtain a tax refund. *See, e.g.*, *Bob Jones Univ. v. Simon*, 416 U.S. 725, 730–31 (1974) (noting proper review procedures for seeking a refund from the IRS involve initiating a suit for refund against the IRS in federal court or the Court of Claims). Plaintiff's objections are meritless, and the Court fully adopts that portion of Judge Finnegan's *R&R II* dismissing Counts I and II with prejudice.[6]

### II. Child Support Wage Garnishment (Count III)

Adopting the reasoning and findings in *R&R I*, Judge Finnegan recommended that this count be dismissed based upon the *Rooker-Feldman* doctrine. Plaintiff lodges three objections to Judge Finnegan's findings: (1) that the state court does not have jurisdiction over him; (2) that the evidence the Defendant submitted is fraudulent; and (3) that Judge Finnegan did not grant him a hearing on the matter. These objections have been addressed above. The Court fully adopts Judge Finnegan's *R&R II* dismissing Count III for lack of subject matter jurisdiction.

### III. Due Process Claim (Count IV)

Concerning Plaintiff's claim for violation of due process rights under the Fifth Amendment, Judge Finnegan rejected Plaintiff's claim that Defendant's withholdings of his wages have forced him into a "state of peonage" made illegal under the Thirteenth Amendment. *See R&R II* 13. Specifically, Judge Finnegan found that a Fifth Amendment Due Process claim

---

[6] Plaintiff objects throughout his briefing that he has not been granted a hearing to elaborate on various arguments he presented. *See, e.g.*, Pl.'s Obj. 1–2, 11, 12. Of course, Plaintiff was not entitled to another hearing (or even a first hearing). *See* LR 78.3 ("Oral argument may be allowed in the court's discretion."). And despite his claim that a hearing would address "fraudulent documents" submitted by the Defendant, Plaintiff has offered no competent evidence or argument concerning which documents are fraudulent.

11

can only be brought against government actors, and therefore the claim against the Defendant must be dismissed. *See id.* (citing *Esang v. U.S. Sec'y of Hous. & Urban Dev.*, No. 01 C 5537, 2002 WL 31655215, at *2 (N.D. Ill. Nov. 25, 2002). The Court agrees. Generally, the Fifth Amendment "protects citizens from conduct by the government, but not by conduct by private actors, no matter how egregious that conduct might be." *Hallinan v. Fraternal Order of Police of Chic. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Plaintiff cannot bring a Fifth Amendment claim against the Defendant here.

Plaintiff lodges two objections to this finding. First, he objects to Judge Finnegan's citation to *Edwards v. Stringer*, 89 F. App'x 663, 665 (10th Cir. 2004), for the proposition that private companies are legally bound to withhold and pay federal income taxes to the IRS. Plaintiff argues that *Edwards* concerned Social Security taxes, and because he does not pay into the Social Security Fund, *Edwards* has no application here. This is incorrect. The general principle in *Edwards* applies to all forms of federal income tax liability, including those Plaintiff incurred. *See Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir. 1994) (noting that employers are legally required to withhold Social Security *and* income taxes, among others).

Second, Plaintiff argues that the Defendant was acting under "the color of state law," and therefore was a government actor for purposes of the Fifth Amendment, when it withheld taxes. According to Plaintiff, by virtue of collecting taxes pursuant to *federal* law, the Defendant became a *state* actor. But Plaintiff provides no authority to support this position. Moreover, as noted above, a private company collecting taxes pursuant to federal law is immune from suit. *See Burda*, 2 F. 3d at 775.

For the foregoing reasons, the Court fully adopts Judge Finnegan's *R&R II* dismissing Count IV with prejudice.

**IV. Defendant Matthew Rose**

Finally, Judge Finnegan found that Plaintiff failed to plead allegations concerning Defendant Matthew Rose's conduct that would meet federal notice pleading standards under Rule 8(a)(2). In particular, Judge Finnegan found that the only allegation concerning Rose was that he is the Chief Operating Officer of BNSF. There are no allegations of acts of wrongdoing by Rose, or indeed, allegations of any conduct by Rose at all. Under federal notice pleading rules a complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's allegations against Rose do not and therefore require that Rose be dismissed from the case. Plaintiff lodges no objections to this aspect of Judge Finnegan's findings.[7] The Court fully adopts Judge Finnegan's Report and Recommendation dismissing Defendant Matthew Rose from the case.

---

[7] Plaintiff does argue that "Mr. Rose was the C.E.O. of the company" in his reply brief, *see* Pl.'s Reply 7, but it is well-established that "arguments presented for the first time in a reply brief are waived." *W. v. MeadWestvaco Corp.*, 81 F. App'x 74, 75 (7th Cir. 2003). Even if this argument were not waived, Plaintiff does not elaborate on this objection any further, and the Court can discern no basis for reversing course on Judge Finnegan's finding where Plaintiff simply repeats his bare allegation.

**Conclusion**

The Court adopts in full Judge Finnegan's Report and Recommendation [36] on Plaintiff's motions for preliminary injunction [6] [8]. Plaintiff's motions are denied. The Court also adopts in full Judge Finnegan's Report and Recommendation [60] on Defendant's motion to dismiss [26]. The motion to dismiss is granted. Counts I, II, and IV are dismissed with prejudice. Count III is dismissed for lack of jurisdiction. All other pending motions [71] [76] [77] are denied as moot. Civil case terminated.

**SO ORDERED**  **ENTER: 8/17/15**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**JOHN Z. LEE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

Lewis          ,

Plaintiff(s),

v.

BNSF Rail Way Company
Matthew Rose,

Defendant(s).

Case No. 14-cv-7173
Judge John Z. Lee

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $        ,

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)
.
Defendant(s) shall recover costs from plaintiff(s).

☒ other: Judgment is entered in favor of Defendant BNSF Rail Way Company, Matthew Rose and against the plaintiff Simeon Lewis

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge John Z. Lee on a motion to dismiss

Date: 8/17/2015                    Thomas G. Bruton, Clerk of Court

                                   Carmen Acevedo , Deputy Clerk