

**FILED**

OCT 1 4 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Simeon Washa Amen Ra, Ex rel    )   Case No:  14 CV 7171
SIMEON LEWIS                )
Plaintiff                  )   Honorable John J. Tharp

      **vs.**            )

BNSF RAIL WAY COMPANY,  )   Magistrate Judge Maria Valdez
C.E.O. - Matthew K. Rose     )
Defendant, Respondent      )

---

## PLAINTIFF'S MOTION TO RECONSIDER JUDGES ORDER

---

    Now Comes, Simeon Washa Amen Ra flesh and blood man before this honorable court seeking a reconsideration of Judge Tharp's Order **[Doc #40]**.
Plaintiff is seeking reconsideration of the dismissal of Counts I and II of his Complaint **[Doc #1]**, for the following reasons. Plaintiff will address the issues in the order Judge Tharp stated them. Plaintiff will also state his Objections.

## I.   National Origin Discrimination

    **1.** The court states on pages 5-6 that:
"As a threshold matter, the plaintiffs have failed to plausibly allege that *"Aboriginal-Indigenous Native American/Moor,"* or any of the other variations the plaintiffs use to describe their claimed national origin, is a protected class under Title VII or any applicable civil rights statute. **Although claims of "Native American" ancestry** clearly suffice as the predicate for a national origin discrimination claim, *see Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 154 F.3d 1117, 1120 (9th Cir. 1998), the plaintiffs do not appear to allege that they are of "Native American" origin, as that term is commonly understood. Although the plaintiffs incorporate the term "Native American" into their denomination of their putative national origin,6 the Court is aware of no recognized nationality known as "Aboriginal-Indigenous Native American/Moor." There are references in Amen Ra's supporting materials to the Choctaw Indian Nation, but neither plaintiff alleges that he is ancestrally of the Choctaw Nation or any other Indian tribe recognized by the **United States government.**7 (BUREAU OF INDIAN AFFAIRS, TITLE 25)

**Plaintiff's response**:
Plaintiff is and has been listed as a Native American in his personnel file with Defendant since
April 02, 2010. **[Exhibit BB, 1page doc]** resubmitted in support of.

**Plaintiff's response**: to the courts Foot note 7

Dated 08/08/12. Oversight Hearing on Federal Recognition: Political and Legal Relationship between Governments. The hearing's stated goal was "to examine the process of recognizing tribes through the Administrative and Congressional Processes." The panelists variously described the **BIA's Federal Acknowledgment Process (FAP)** as broken, long, expensive, burdensome, intrusive, unfair, arbitrary and capricious, less than transparent, unpredictable, and subject to undue political influence and manipulation, and noted that Congress has done little to improve things. *Read more a thttp://indiancountrytodaymedianetwork.com/2012/08/08/federal-recognition-can-bias-acknowledgment-process-be-fixed-127942.*

Plaintiff is not speaking on behalf of his entire tribal nation but he is happy that the tribe did not seek Bureau of Indian Affairs (BIA), acknowledgment for the above stated reasons mentioned in said Hearing. Plaintiff does not want to exchange any of his unalienable rights for privileges and certain benefits which come alone with BIA recognition. Plaintiff has chosen acknowledgement by way of;

- (a) Supremacy Clause Article VI, Clause 2 of the United States of America constitution.
- (b)United Nations UN60/147- Human Rights.
- (c)My Indigenous Status (DRIPS) in the Treaty; Article II of the United
- Nations Declaration A/RES 15/1514 Right to self-determination

**[Doc #1, item 16]**

- (d) 22 USC §§ 2657, 2651(a), 5 USC § 301, 28 USC § 1733 et. Seq; 8 USC § 1443(f)

These terms listed below are all interchangeable. Moorish Americans are Aboriginal to this land which means we are also Indigenous and Native. The term "Native American" is what is generally accepted by the masses in this country and this term is what is found to be soothing and acceptable for employers.

- Aboriginal- Having existed in a region from the beginning.
- Indigenous- Inherent to their particular area or native to a particular region.
- Native-a person born in a particular place or country.

Plaintiff submits a more eloquent explanation in the form of a Proclamation from the office of the current Mayor of this great city. [**Plaintiff submits Exhibit NN**]

   **2.** The court states on page 6 that:

"Further, apart from their idiosyncratic use of the term "Native American," the plaintiffs provide no basis to infer that they merit protection on the basis of their national origin. The term "national origin . . . refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). *See* 29 CFR § 1606.1 ("The [Equal Employment Opportunity] Commission defines national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group.").

**Plaintiff's response:**
Plaintiff states that if the court were to read the entire text of 29 CFR § 1606.1 it reads:
The Commission defines national origin discrimination broadly as including, but not limited to, the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural or linguistic characteristics of a national origin group. **"The Commission will examine with particular concern charges alleging that individuals within the jurisdiction of the Commission have been denied equal employment opportunity for reasons which are grounded in national origin considerations, such as (a) marriage to or association with persons of a national origin group; (b) membership in, or association with an organization identified with or seeking to promote the interests of national origin groups; (c) attendance or participation in schools, churches, temples or mosques, generally used by persons of a national origin group; and (d) because an individual's name or spouse's name is associated with a national origin group. In examining these charges for unlawful national origin discrimination, the Commission will apply general title VII principles, such as disparate treatment and adverse impact".[Emphasis added]**
Plaintiff falls in each category. The above would also qualify as national origin discrimination.

In regards to courts case cite *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973).

Plaintiff submits a case cite that differs, *See also Salas v. Wisconsin Dept. of Corrections*, 493 F. 913 (7th Cir. 2007) (noting that labeling an employee "Hispanic" and taking an adverse employment action because the employee was "Hispanic" would constitute national origin discrimination **despite the fact that a particular country is not referenced.[Emphasis added]**

This would qualify as national origin discrimination even if Plaintiff did not mention country origin, which he did.

    **3.** Court states on page 6:
"In these cases, neither plaintiff has alleged any "country" that is his "place of origin" other than the United States; indeed, they claim to be "U.S. nationals."

**Plaintiff response:**

Plaintiff's country of origin is the "united states of america",(also known as AMEXUM) as stated in **[Doc #1, Parties-item 1, Exhibit AA, Pg 4]**, **[Affidavit, penalty of perjury statement]**. Plaintiff's ancestors are indigenous to the land masses of North, Central and South America. Plaintiff has attached as an exhibit his understanding of the three different definition of the "United States".

      **Plaintiff would like this court to take judicial notice of the following ruling**

Said definitions are from case cite [Hooven & Allison Co. v. Evatt, U.S. Ohio, 65 S.Ct. 870, 880, 324 U.S. 652, 89 L.Ed 1252]. [Plaintiff submits Exhibit OO]

Definitions: 3, (c) United States*** below would best describe what Plaintiff is conveying in his complaint as his place of national origin.

United States - This term has several meanings.
**1.** It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in family of nations,
**2.** it may designate territory over which sovereignty of United States extends,
**3.** or it may be collective name of the states which are united by and under the Constitution.
Source:
Black's Law Dictionary, Sixth Edition
Hooven & Allison Co. v. Evatt, U.S. Ohio,
324 U.S. 652, 65 S.Ct. 870, 880, 89 L.Ed. 1252.
(i.e., defined by the Supreme Court in 1945)

**(a). United States\*** or U.S.1 (first meaning)
The name of the sovereign nation, occupying the position of other sovereigns in the family of nations.
In the first sense, the term "United States1" can refer to the nation, or the American empire, as Justice Marshall called it. The "United States1" is one member of the United Nations.

**(b). United States\*\*** or U.S.2 (second meaning)
The federal government and the limited territory over which it exercises exclusive sovereign authority.    See also 28 U.S.C. 3002(15) "United States" means— (A) a Federal corporation;
Secondly, the term "United States 2" can also refer to "the federal zone", which is a separate nation-state over which the Congress has exclusive legislative jurisdiction. In this sense, the term "United States 2" is a singular phrase. It would be proper, for example, to say, "The United States 2 is ..." or "Its jurisdiction is ..." and so on.

**(c). United States\*\*\*** or U.S.3 (third meaning)
The collective name for the States united by and under the Constitution for the United States of America.
Thirdly, the term "United States 3" can refer to the 50 sovereign States which are united under the Constitution for the United States of America. In this third sense, the term "United States 3" does not include the federal zone, because the Congress does not have exclusive legislative authority over any of the 50 sovereign States of the Union. In this sense, the term "United States 3" is a plural, collective term. It would be proper therefore to say, "These United States 3" or "The United States 3 are ..." and so on.

The Supreme Court further clarified that the Constitution implies the third definition **above,**

which is the United States*** when they said the following. Notice **below** that they say "not part

of the United States within the meaning of the Constitution" and that the word "the" implies only

ONE rather than multiple meanings.

"As the only judicial power vested in Congress is to create courts whose judges shall hold their offices during good behavior, it necessarily follows that, **if Congress authorizes the creation of**

**courts and the appointment of judges for limited time, it must act independently of the Constition upon territory which is not part of the United States within the meaning of the constitution"**. O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct 740 (1933) [**Emphasis added**]

**4.** The court states on bottom of 6-7:
"Neither plaintiff has alleged any facts suggesting that he has physical, cultural, or linguistic characteristics that identify him as being of a particular national origin, thus calling for the protection afforded by antidiscrimination statutes. *See, e.g., Salas v. Wisc. Dep't of Corrs.*, 493 F.3d 913, 923 (7th Cir. 2007) (explaining that "appearance" and "accent" are characteristics that could engender discrimination based on national origin").

**Plaintiff's response:**

Plaintiff has submitted numerous exhibits to express his sincere ties and link to his ancestral

heritage, culture. Plaintiff has been an active Public Minister as stated on Identification cards

presented as an exhibit. Plaintiff has worn his hair in a lock style for the past nineteen years and

has been proactive in sharing Human Rights information with his community. [**Doc #1, item 16**].

Plaintiff also refers back to 29 C.F.R. § 1606.1, read in its entirety.

**5.** The court states in last paragraph of page 7-8:
"The plaintiffs' national-origin discrimination claims suffer from a second defect as well…."
"these plaintiffs do not allege any action that could be deemed adverse for purposes of Title VII. *See, e.g., Tamayo*, 526 F.3d at 1084 (requiring plaintiff to allege a specific adverse employment action at pleading stage)". "The Seventh Circuit has categorized materially adverse actions into those actions that affect:
"(1) the employee's current wealth such as compensation, fringe benefits, and financial terms of employment including termination;
(2) the employee's career prospects thus impacting the employee's future wealth; and
(3) changes to the employee's work conditions including subjecting her to 'humiliating, degrading, unsafe, unhealthful, or otherwise significant negative alteration in [her] work place environment.'" *Arizanovska v. Wal-Mart Stores, Inc.*, 682 F.3d 698, 704 (7th Cir. 2012). The use of a legal name or inaccurate recording of citizenship does not affect an employees' pay or benefits, their career prospects, or their work conditions.

**Plaintiff's response:**

Defendant's actions did cause an adverse action. By not correcting Plaintiffs

citizenship/nationality status (U.S. National) Defendant did affect Plaintiff's current wealth,

compensation because;

(**1**) Non correction of status caused an improper reporting with the administrative agency IRS as

Plaintiff is not a U.S. citizen** (corporate citizen). These actions affect Plaintiff's wealth,

compensation in that the taxing status of (corporate) U.S. citizens differs from one who is in his proper status (U.S. National). Had the citizenship/nationality status been corrected on file, the IRS would have been informed by Defendant that Defendant had been properly notified by Plaintiff of his corrected and proper status. In not doing so Defendant caused conflict which resulted in a great loss of unauthorized withholding of pay. [**See Plaintiff's case cite above on definitions of United States**]., [**See Doc # , item 2**]

(**2**) Plaintiff's career prospects were affected (non-promotion by employer) which absolutely affected future wealth. (Retaliation for corrected request) [**See Doc #1, items 24-28**]

(**3**) Plaintiff was 'humiliated, degraded when he had to stand by and watch fellow employees who could have less than six months seniority and work ahead of him in a position he was not allowed to work. This was also a significant negative alteration because had Plaintiff had any infractions he would have been forced to leave his work class of service and a possible loss of employment. This caused a great amount of undue stress. [**See Doc #1, items 24-28**]

Plaintiff states that Defendant gave no lawful reason as to why the citizenship/nationality status was not corrected in his personnel file. Plaintiff believes this attack on him was brought about when he complained about what he knew was unlawful. "a good faith and reasonable belief that he was opposing an unlawful practice". *Gaines v. K-Five Constr. Corp.*, 742 F.3d 256, 267 (7th Cir. 2014); *see Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1459-60 (7th Cir. 1995).

Please see "Citizenship status" (775 ILCS5/2-101(K)(3) Illinois Human Rights Act, in support of his rights to be listed as a U.S. National. [**See Exhibit FF3**]

## II.      Religious Discrimination

### 6. The court states on page 9 Religious Discrimination;

"Amen Ra never specifies any religion in his complaint;

"Here, the plaintiffs fail to allege any discrimination on account of their religion. First, the plaintiffs fail to plausibly allege facts suggesting that the employer defendants, by using the defendants' SSNs, took any materially adverse action because of the plaintiffs' religion. *See Grossman v. S. Shore Pub. Sch. Dist.*, 507 F.3d 1097, 1098 (7th Cir. 2007) (explaining that in religious-discrimination claims, "[t]he issue is whether the plaintiff's specific religious beliefs were a ground for" an adverse employment action).

## Plaintiff's response:

Plaintiff is perplexed by the courts reaction as he can find no Statute that would require one to "title" his religion. Plaintiff did go into some detail about his "Religious princliples" in spite of

fear of backlash. Plaintiff did express to Defendant that his beliefs were not that of traditional Christianity. [**Exhibit AA, pg 4**]. Plaintiff can find no law that requires him to quote scriptures such as BOOK OF REVELATION 13:16-17, 14:9-11. This mark is characterized as a number required for buying and selling and Plaintiff believes this SSN is the mark of the beast.

See 13:16-17.
16 And he causeth all, both small and great, rich and poor, free and bond, to receive a mark in their right hand, or in their foreheads:
17 And that **no man might buy or sell**, save he that had the mark, or the name of the beast, or the number of his name., 16:1-2; see also Stevens v. Berger, 428 F.Supp. 896 (E.D.N.Y.1977) (extensive discussion of the theological and historical origins of the "mark of the beast").

Plaintiff submitted case cite *EEOC v. Information Systems Consulting, CA-92-0169-T (1992),*in support of his right to not have a social security number based on his religious beliefs. Defendant did not dispute Plaintiff's claim of this First Amendment right all. [**Exhibit FF**]. Plaintiff submitted (775 ILCS5/2-101(F)) Illinois Human Rights Act, in support of his religious beliefs and practices, Defendant did not dispute Plaintiff's claim. [**Exhibit FF3**]

Plaintiff has also filed a Rescission of signature (SS-5 Form) for said social security number and proper notification was sent and received, as well as a Rescission of signature on all IRS forms, W-4 etc., and noticed all appropriate offices. These documents were recorded before this case on the public record in the office of the Recorder of Deeds in Chicago Illinois, and can be produced upon request.

**7. The court states on page 9;**
"as a matter of law, the requested accommodation would impose an undue hardship on the employer. 42 U.S.C.A. §§ 2000e(j), 2000e–2(a)".

**Plaintiff's response:**

Plaintiff requested accommodation would in no way impose undue hardship on employer. Plaintiff spent numerous hours researching and gave Defendant at least four sections in Title 26 United State Code (U.S.C.) as well as seven regulations in Title 26 Code of Federal Regulations (C.F.R.) which is the corresponding parallel table of authority, that apply to non-use of a social security number. Defendant offered no law that would prevent them from honoring Plaintiff's request.

These codes and regulations address SSN, requirements and waivers and were submitted in support of Plaintiff's complaint [**Doc #1 item 18, Exhibit HH**]

Here are a few

26 USC § 6109 (a)(3)- requirement to request SSN#
26 USC § 6721(c)(1)(B)- **waiver of penalty**
26 USC § 6724(a) – **waiver of penalty for reasonable cause**
In particular 26 CFR 301.6109-1(c), which gave Defendant remedy on how to address the social

security number issue. Defendant chose not to follow the prescribed code and regulations. There

would was no undue hardship on Defendant.

**7(a). The court states on page 9;**
"the **requirement of providing a SSN is the government's**, not the employer's, and because, as
a matter of law, it imposes an undue hardship on the employer. Seaworth v. Pearson, 203 F.3d
1056, 1057 (8th Cir. 2000);….[**Emphases added**]

Plaintiff can find no federal law (Statute at Large) that would grant the violation of Plaintiff's

Religious beliefs that are protected by the First Amendment free exercise clause. Plaintiff can

find no federal law (Statute at Large) that would require the disclosure of SSN for him to obtain

or keep employment with a <u>private sector employer</u>. [**EEOC Decree, Exhibit FF**]

Section 7 of the Federal Privacy Act: "It shall be unlawful for any **Federal**, **State** or **local**

**government agency** to deny to any individual any right, benefit, or privilege provided by law

because of such individual's refusal to disclose his social security account number." Pub. L. 93-

579, 88 Stat 1896, § 7(a)(1), at 5 U.S.C. § 552a. [**Emphases added**]. [**Doc #1, items 19(a)**]

Defendant was made aware of 42 USC § 408:
Whoever…..(8) discloses, uses, or compels the disclosure of the social security number of any person in violation of
the laws of the United States, shall be guilty of a felony and upon conviction thereof shall be fined under title 18 or
imprisoned for not more than five years, or both. Defendant was sent notice of this [**Exhibit HH**]

Defendant is in violation of Civil Rights Act of 1964 section 703(a)(1), Title VII, Section 2000e-
2(a)(1)
makes it unlawful to discriminate against any employee or perspective employee on the bases of his or her religion.
[**Doc #1, item 19(b)**]

If there is no requirement by the Federal Government how can Defendant who is a private

sector employer continue to force the use of SSN number or be required by an administrative

agency (IRS) to produce said number? Plaintiff submits in support of this argument [Exhibit PP]

**8. The court stated on page 10, first paragraph that;**
"This Court sees no difference between these failure-to-hire scenarios (in which case the adverse
employment action is much more readily apparent) and the one presented here, where employees
who did provide their SSNs claim discrimination because the employer continues to use them as
identifying information after being asked to stop. **Moreover, there is nothing in either
complaint to even hint that the defendant employers took any action because of the
plaintiffs' religion rather than out of a desire to maintain consistent personnel records or to**

8

conform with requirements of the law. *See, e.g.,*Thomas v. United States. 41 F3d 1109, 1113 (7th Cir. 1994) ("**The Internal Revenue Code of 1986 requires employers to withhold federal Social Security and income taxes from the wages of their employees and to hold those taxes in trust for the government**").

**Plaintiff's response to "defendant's desire to maintain consistent personnel records or to conform to requirements of law":**
The "desire to maintain consistent records" argument is not valid because Plaintiff did the work of Defendant's legal department when he gave them the code and regulations on non-use of a social security number. Plaintiff submitted a USC and CFR sections as far back as April 2010. Defendant would not have been penalized for honoring Plaintiff's request. The discrimination was based on Plaintiff's Religious beliefs. See the above item #7 response and [**Exhibit HH**] The discrimination was based on Plaintiff's Religious beliefs. Defendant was notified of Plaintiff's nontraditional Christian beliefs. [**See Exhibit AA, pg 4**]

**Plaintiff's response:**
"The Internal Revenue Code of 1986 requires employers to withhold federal Social Security and income taxes from the wages of their employees and to hold those taxes in trust for the government".

If one were to read he very next sentence of the above *Thomas case cite* it then goes on to say:
 "**26 U.S.C. §§ 3102, 3402. Employers must report and pay the taxes they withhold quarterly. Congress enacted section 6672(a) of the Code to protect against employers' squandering this trust fund". [Emphasis added]**

Plaintiff presented Defendant with a full break down of how these code sections do not apply to him as Plaintiff has not had a form W-4 (*agreement*) on file with Defendant since 2011, which means there was no *contractual requirement* for Defendant to withhold a "Subtitle A withholding" and no requirement to turn over said withholdings to a third party (IRS).
26 U.S.C. § § 3102, 3402 apply to "Subtitle C employment taxes" and have nothing to do with 26 U.S.C. § 1"Subtitle A withholdings". Plaintiff states that 26 U.S.C. § 6672, has an implementing regulation that is found in 27 CFR Part 70, which applies to Alcohol Tobacco and Firearms. Plaintiff is not involved in activity that would make him liable for such a tax. This would constitute a misrepresentation of revenue law against Plaintiff which is unlawful and illegal. To further clarify the materially adverse action of Defendant. By not discontinuing the use of a social security number where the First Amendment and presented codes and regulations support Plaintiff's position, Defendant caused an improper reporting with the IRS, in that the form W-2 is a tax class 5 form which reports income from "Gift" and "Estate" taxes and does not

report compensation for labor. This action allowed the IRS to unlawfully and illegally attach itself to Plaintiffs pay. Plaintiff previously stated and explained this. **[Doc #1. Items 12,18,19** ]

## IN CLOSING

It is Plaintiff's sincere and heartfelt belief that Defendant employees went above and beyond to blatantly and maliciously discriminate, harass and retaliate against Plaintiff based on this newly found information:

Mr. Douglas W. Hinds began his career as tax counsel for Santa Fe Railway in 1991 after serving more than **eight years as a trial attorney for the IRS and U.S. Attorney's office,** 1983-1991, in St. Louis, Missouri and St. Paul, MN. During his career with BNSF, Hinds served in positions with increasing responsibility as part of the tax team. In 2010, Hinds was promoted to his current AVP position, leading the tax department's law team at BNSF.

Mr. Douglas W. Hinds who was in 2010, and is still current AVP of Tax counsel for BNSF Railway. Mr. Hinds was personally involved in email communication as far back as April 2013, **[Doc #1, item 12]** and personally responsible for the non-correction of form W-2 and denial of the non-use of SSN even after receiving code sections from the U.S.C., C.F.R., Form W-8Ben, Form 56. Mr. Hinds was made aware that the actions of the BNSF could be considered an act of Denationalization and he chose not to act lawfully even after receiving an updated Form I-9. **[Exhibit EE, Page 1-4]**.

Based on Mr. Hinds experience as a trial attorney for the IRS, he knew or should have known that Plaintiff's request based on U.S.C., C.F.R., sections, notifications and exercising of rights were legal, lawful and well within his constitutionally guaranteed rights from the beginning. Plaintiff hopes this court sees the correlation and collusion of malfeasance on the part of Defendant employees. If this court does not reconsider counts I, II, Plaintiff reserves his right to amend his Complaint to change/add Defendant(s), new evidence.

Wherefore Plaintiff prays that this court will review all pleadings and exhibits as well as the newly discovered credentials of Douglas Hinds and reconsider the dismissal of Counts I (National Origin), II (Religious beliefs).

Respectfully submitted,

/s/simeon amen ra
P.O. Box 199273
Chicago, Illinois 60619

Date: October 14, 2015

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiffs, hereby certifies that on October 14, 2015, he served a copy of the above **PLAINTIFF'S MOTION TO RECONSIDER** and this certificate of service, on:

Heather R. Adams
Daley Mohan Groble
55 W. Monroe, Suite 1600
Chicago, Illinois 60603

By: USPS

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Simeon Washa Amen Ra, Ex rel    )  Case No:  14 CV 7171
SIMEON LEWIS                      )
Plaintiff                          )  Honorable John J. Tharp

**vs.**                       )

BNSF  RAIL WAY COMPANY,  )  Magistrate Judge Maria Valdez
C.E.O. - Matthew K. Rose      )
Defendant, Respondent       )
                            )
                            )
                            )

---

## NOTICE OF FILING

---

TO:   Heather R. Adams
       Daley Mohan Groble
       55 W. Monroe, Suite 1600
       Chicago, IL 60603

     PLEASE TAKE NOTICE that on October 14, 2015, Plaintiff Simeon W. Amen Ra filed the attached **PLAINTIFF'S MOTION TO RECONSIDER,** with the Clerk of the Court of the United States District for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn Street, Chicago, Illinois 60604, a copy of which is attached and hereby served upon you.

                                 Respectfully submitted,

                               /s/ simeon w. amen ra
                               P.O. Box 199273
                               Chicago, Illinois 60619

# EXHIBIT BB

**SSN/SIN** ⟨illegible⟩     **NAME** AMEN SK, SIMEON WASHA

**PAYROLL DEPT UPDATE**
**PENSIONER N**
**MERCER INDICATOR**
**MERCER RETIREE H&B**

**EMPLOYEE DATA:**

**ADDRESS** ⟨illegible⟩
  **LINE 2**
**CITY** ⟨illegible⟩
**ST/ZIP** ⟨illegible⟩
**COUNTRY** ⟨illegible⟩ UNITED STATES

                  **ADDR DATE** 04022010

**HOME PHONE** ⟨illegible⟩
**WORK PHONE**

**BIRTH DATE** ⟨illegible⟩     **SEX** M MALE         **RACE** 4 NATIVE AMERICAN
**MARITAL STATUS** ⟨illegible⟩    **VETERAN** NO VETERA **CITIZEN** USA    UNITED STATES
**RESIDENCY** R RESIDENT    **WORK PERMIT EXPIRATION DATE** ⟨illegible⟩
**SECOND SIN/SSN**                                **PERS DATE** 04022010

**PLAN**          **FORMER CO**

**TS0010-ENTER NUMBER**

We are missing your **gender** and/or **race/ ethnicity** information. BNSF like all other corporations is required to report this information annually to Washington, DC for all our employees.

BNSF invites employees to **voluntarily** self-identify their gender, race and ethnicity.

The Federal Government established the following race/ethnicity codes:

Place an ( **X** ) in the parenthesis for the race/ethnicity that applies to you:

1=**White**-a person having origins of original peoples of Europe, the Middle East, or North Africa.                                                                                      (     )

2=**African American**- a person having origins of any black racial groups of Africa.                                                                                      (     )

3=**Asian**- a person having origins of the original peoples of the Far East, Southeast Asia, or the Indian Subcontinent.                                        (     )

4=**Native American**-a person having origins in the original peoples of North and South America (including Central America) with tribal affiliation      (     )

5=**Hispanic/Latino**-a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture regardless of race.                  (     )

6=**Pacific Islander**-a person having origins in the peoples of Hawaii, Guam, Samoa, or other Pacific Islands.                                                        (     )

7=**Two or More Races**-all persons who identify with more than one of the above five races.                                                                                      (     )

Place an **X** next to the gender that applies to you:

**GENDER**      **Male**_____      **Female**_____

**Print Name**_____

EXHIBIT NN

**OFFICE OF THE MAYOR**

CITY OF CHICAGO

RAHM EMANUEL
MAYOR

## PROCLAMATION

WHEREAS, the Moorish Americans are the descendants of the ancient Moabites, Hamatities, and Canaanites who were permitted by the Old Pharaohs of Kemet to traverse from East Africa and later formed themselves kingdoms extending from the northwestern and southwestern shores of Africa. the Atlantic Islands onto the present day Continental Americas; and

WHEREAS, the indigenous Moorish Peoples of the Americas are now united in order to again link themselves with the family of nations; and

WHEREAS, the Moorish Americans, being aboriginal to the territories of North, Central and South Americas, have formed a sovereign Theocratic Government guided by the command principles of love, truth, peace, freedom, and justice through virtue of the universal right to self-determination as well as with the Declaration on the Rights of Indigenous Peoples guaranteed in the Charter: and

WHEREAS, on January 8, 1886, Noble Drew Ali was born in the State of North Carolina destined to become the first Patriot of his mentally enslaved Moorish American People. In 1912 he was later anointed as "El Hajj Sharif Abdul Ali "by the Heads of Egypt and Holy City of Mecca to return to the United States as the Last Prophet and Founding Father of the newly risen Nation of Moorish Americans. As a result of the 13th amendment, Moorish people were emancipated from slavery in 1865:

NOW, THEREFORE, I, RAHM EMANUEL, MAYOR OF THE CITY OF CHICAGO, do hereby proclaim January 8-15, 2012, to be MOORISH AMERICAN WEEK IN CHICAGO. and urge all residents to recognize the events planned for this time.

Dated this 22nd day of December, 2011.

Mayor

EXHIBIT OO

come or profit in the oil or gas business is accomplished by a system of accounting by which is ascertained, as nearly as science will permit, the total amount of recoverable oil in the property, and to each barrel of this oil is assigned its part of the capital investment, and from the sale price of each barrel produced and sold there is deducted the expenses of producing it, and its proportion of the capital investment, leaving the balance as profit, and thus, when the property is exhausted, the operator has received back his capital and expenses, and accounted for his net income or loss. Carter v. Phillips, 88 Okl. 202, 212 P. 747, 750.

**UNITAS PERSONARUM.** Lat. The unity of persons, as that between husband and wife, or ancestor and heir.

**UNITE.** To join in an act, to concur, to act in concert. Bowling v. Wilkerson, D.C.Ky., 19 F. Supp. 584, 587.

**UNITED GREEK CATHOLIC CHURCH.** All the churches of the Byzantine Rite in communion with the See of Rome. The term is synonymous with "Uniate Greek Catholic Church" or "Uniat Greek Catholic Church," and signifies an ecclesiastical body in union with the Roman Catholic Church and acknowledging the primacy and supremacy of the pope. Morris v. Featro, 340 Pa. 354, 17 A.2d 403, 405.

**UNITED IN INTEREST.** A statutory term applicable to codefendants only when they are similarly interested in and will be similarly affected by the determination of the issues involved in the action; McCord v. McCord, 104 Ohio St. 274, 135 N.E. 548, 549; e. g., joint obligors upon a guaranty; Columbia Graphophone Co. v. Slawson, 100 Ohio St. 473, 126 N.E. 890, 891.

**UNITED KINGDOM OF GREAT BRITAIN AND IRELAND.** The official title of the kingdom composed of England, Scotland, Ireland, and Wales, and including the colonies and possessions beyond the seas, under the act of January 1, 1801, effecting the union betwen Ireland and Great Britain.

**UNITED NATIONS.** An organization started by the allied powers in World War II for the stated purposes of preventing war, providing justice and promoting welfare and human rights of peoples. It consists of a Security Council and a General Assembly and subordinate agencies.

**UNITED STATES.** This term has several meanings. It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in family of nations, it may designate territory over which sovereignty of United States extends, or it may be collective name of the states which are united by and under the Constitution. Hooven & Allison Co. v. Evatt, U. S. Ohio, 65 S.Ct. 870, 880, 324 U.S. 652, 89 L.Ed. 1252.

**UNITED STATES BONDS.** Obligations for payment of money which have been at various times issued by the government of the United States.

**UNITED STATES COMMISSIONER.** Whose powers in federal matters, are in most respects the same as those of justices of the peace in felony offenses against laws of state, is not a judge or court, and does not hold court, but is an adjunct of court, possessing independent, though subordinate, judicial powers of his own. U. S. v. Napela, D.C.N.Y., 28 F.2d 898, 899.

**UNITED STATES COURTS.** Except in the case of impeachments the judicial power of the United States is vested by the Constitution in a supreme court and such other inferior courts as may be from time to time established by congress. All the judges are appointed by the president, with the advice and consent of the senate, to hold office during good behavior, and their compensation cannot be diminished during their terms of office. The judges, other than those of the supreme court, are circuit judges and district judges. The circuit judges compose the courts of appeals and the district judges hold the district courts, and also at times sit in the circuit courts of appeal. For a detailed statement of the territorial boundaries of the several districts and divisions of districts, see 28 U.S.C.A. § 81 et seq. and various special acts.

It shall be the duty of the district court of each judicial district to appoint such number of persons, to be known as United States commissioners, at such places in the district as may be designated by the district court. Rev.St.U.S. § 627 (28 U.S.C.A. § 631). Austill v. United States, 58 Ct.Cl. 232; United States v. Maresca, D.C.N.Y., 266 F. 713.

In statutes, the words "court of the district", Prieto v. U. S. Shipping Board Emergency Fleet Corporation, 117 Misc. 703, 193 N.Y.S. 342, and "courts of the United States," are commonly deemed to refer to federal courts and not to state courts. General Inv. Co. v. Lake Shore & M. S. Ry. Co., C.C.A.Ohio, 269 F. 235, 237.

**UNITED STATES CURRENCY.** Commonly understood to include every form of currency authorized by the United States government, whether issued directly by it or under its authority. Appel v. State, 28 Ariz. 416, 237 P. 190, 191.

**UNITED STATES NOTES.** Promissory notes, resembling bank-notes, issued by the government of the United States.

**UNITED STATES OFFICER.** Usually and strictly, in United States statutes, a person appointed in the manner declared under Const. art. 2, § 2, McGrath v. U. S., C.C.A.N.Y., 275 F. 294, 300, providing for the appointment of officers, either by the President and the Senate, the President alone, the courts of law, or the heads of departments, Steele v. U. S., 45 S.Ct. 417, 418, 267 U.S. 505, 69 L.Ed. 761. Dropps v. U. S., C.C.A.Minn., 34 F.2d 15, 17.

Postmaster is an officer under the United States. State ex rel. Wimberly v. Barham, 173 La. 488, 137 So. 862, 864.

Also post office clerk who took oath and gave bond before taking up duties. Foshay v. U. S., D.C.N.Y., 54 F.2d 668, 669. A receiver appointed by a federal court may be an "officer of the United States," within the meaning of Criminal Code, § 97, and Act March 4, 1911, 18 U.S.C.A. §§ 654, 2073. Weltzel v. U. S., C.C.A.Ky., 274 F. 101, 102.

**UNITY.** In the law of estates. The peculiar characteristic of an estate held by several in joint

# EXHIBIT PP

In accordance with the plain language of the Privacy Act, cases throughout the country have held that SSN-collection requirements must yield.

EEOC v. Information Systems Consulting, CA3-92-0169-T.

Leahy v. District of Columbia, 833 F.2d 1046, D.C. Cir. (1987).

*See Schwier v. Cox*, 340 F.3d 1284, 1297 (11th Cir. 2003) (reinstating claim for Privacy Act violation where a state required disclosure of SSNs as a condition of voter registration)

*Ingerman v. Del. River Port Auth.*, 630 F. Supp. 2d 426, 445 (D.N.J. 2009) (holding that disclosure of SSN could not be required as a condition of receiving a senior citizen discount on highway toll rates)

*Szymecki v. City of Norfolk*, No. 2:08CV142, 2008 WL 4223620, *1-*2, *9 (E.D. Va. Sept. 11, 2008) (denying motion to dismiss Privacy Act claim where police ordered arrestee to provide his SSN as a condition of avoiding further detention and again as a condition of retrieving confiscated property)

*Stollenwerk v. Miller*, No. Civ. A. 04-5510, 2006 WL 463393, *7 (E.D. Pa. Feb. 24, 2006) (holding that disclosure of SSN could not be required as a condition of purchasing a handgun or of obtaining a license to carry a handgun)

*Kentucky Rest. Concepts, Inc. v. City of Louisville*, 209 F. Supp. 2d 672, 686-87 (W.D. Ky. 2002) (holding that disclosure of SSN could not be required as a condition of obtaining license for adult entertainment establishment)

*Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 339, 347-49 (S.D.N.Y. 1999) (holding that disclosure of SSN could not be required as a condition of obtaining plumber's license)

*McKay v. Altobello*, No. Civ. A. 96-3458, 1997 WL 266717, *2, *5 (E.D. La. May 16, 1997) (holding that disclosure of SSN could not be required as a condition of voter registration)

*Yeager v. Hackensack Water Co.*, 615 F. Supp. 1087, 1091 (D.N.J. 1985) (holding that disclosure of SSN could not be required as a condition of receiving water during drought emergency)

*Wolman v. United States*, 501 F. Supp. 310, 311 (D.D.C. 1980) (holding that disclosure of SSN could not be required as a condition of valid selective service registration), *legislatively overruled*, 50 U.S.C. App. § 453(b)

*State v. Vickery*, CR2-90-59545, 1991 WL 32153, *6 (Conn. Super. Ct. Feb. 15, 1991) (holding that disclosure of SSN could not be a bond condition imposed on defendants in state court)

*Florida Div'n of Workers' Comp. v. Cagnoli*, 914 So. 2d 950, 950-51 (Fla. 2005) (holding that disclosure of SSN could not be required as a condition of obtaining workers' compensation).