IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIMEON LEWIS, Estate, Simeon Washa Amen Ra Ex, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 14 CV 7171 |
| v. | ) ) | Honorable Judge Tharp Jr. Magistrate Judge Valdez |
| BNSF RAILWAY Company, C.E.O. Matthew K. Rose | ) ) ) ) | |
| Defendants. | ) | |

**BNSF RAILWAY COMPANY'S RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER**

Defendants BNSF Railway Company and Matthew K. Rose submit this response to "Plaintiff's Motion to Reconsider Judges [*sic*] Order." See Dkt. No. 41, Sept. 30, 2015 Order.

**INTRODUCTION**

Plaintiff's Motion asks the Court to reconsider its September 30, 2015 Order. Ex. A, Pl.'s Mot. to Reconsider, Oct. 14, 2015. In that Order, this Court dismissed Counts I and II of Mr. Amen Ra's Complaint for failure to state a claim. Those two Counts asserted claims for national-origin and religious discrimination, respectively. The Court, however, declined to dismiss Mr. Amen Ra's claims of Title VII retaliation and harassment based on national origin and religion. In that same Order, the Court dismissed all claims asserted against Mr. Rose as an individual defendant. Mr. Amen Ra's motion neither addresses this Court's ruling in regard to the claims against Mr. Rose nor objects to the Court's dismissal of those claims. Accordingly, the only issue before the Court is whether the Court should reverse its dismissal of Counts I and II as to BNSF.

1

Mr. Amen Ra's Motion presents no valid reason why the Court should reverse its prior ruling that his Complaint failed to state claims for national-origin or religious discrimination. The Court correctly held that:

- As to Count I, Mr. Amen Ra's Complaint did not state a national origin discrimination cause of action because he failed to plausibly allege that "Aboriginal Indigenous Native American/Moor" is a protected class under Title VII. Dkt. No. 41, Sept. 30, 2015 Order, 5-9; and

- As to Count II, Mr. Amen Ra's Complaint did not state a religious discrimination cause of action because he not only failed to identify what his religion is, he failed to plausibly allege how BNSF's use of his social security number ("SSN") constituted an adverse employment action. The Court held that Mr. Amen Ra's request that BNSF refrain from using his SSN would impose an undue hardship upon BNSF. Dkt. No. 41, Sept. 30, 2015 Order, 9-10.

Mr. Amen Ra's Motion does not meet the legal standard for a motion to reconsider because he presents no valid basis for reversing the Court's previous ruling. Accordingly, Defendants respectfully request that this Court deny Mr. Amen Ra's Motion to Reconsider.

## **LEGAL STANDARD**

A motion to reconsider serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A further basis for a motion to reconsider is where there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983). The

A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Cleversafe, Inc. v. Amplidata, Inc*., No. 11 C 4890, 2014 WL 5073341, at *2 (N.D. Ill. Oct. 9, 2014) (quoting *Bordelon v. Chi. Sch. Reform. Bd. of Trs*., 233 F.3d 524, 529 (7th Cir. 2000)). In his motion, Mr. Amen Ra has not alleged any errors of law, or fact, or presented any evidence, not previously available to him, in support of reconsideration.

## ANALYSIS

I. **THIS COURT CORRECTLY HELD THAT PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO STATE A NATIONAL ORIGIN DISCRIMINATION CLAIM.**

In Section I of Mr. Amen Ra's Motion to Reconsider, he objects to the Court's dismissal of his national origin discrimination claim. The Court held that his claim is not plausible on its face for two key reasons. First, Mr. Amen Ra failed to plead an essential fact; namely, that the International Indigenous Society/ARNA, Aboriginal Republic of North America is a Title VII protected class. The Court wrote that it was "aware of no recognized nationality known as 'Aboriginal-Indigenous Native American/Moor[.]'" Second, Mr. Amen Ra failed to plead facts showing that he suffered a materially adverse employment action because of BNSF's alleged refusal to change his citizenship status in company records. Dkt. No. 41, Sept. 30, 2015 Order, 5.

A. **Aboriginal-Indigenous Native American Moors are not a Protected Class Under Title VII.**

Mr. Amen Ra challenges the Court's holding that individuals professing to be Aboriginal-Indigenous Native American Moors do not credibly allege a protected national origin under Title VII. Dkt. No. 41, Sept. 30, 2015 Order, 6-7. However, his objections on this topic are almost incomprehensible. For instance, Mr. Amen Ra not only acknowledges that his

3

country of origin is the United States of America but he dedicates a significant portion of his Motion to citing large sections of *Hoover v. Allison Co. v. Evatt*, 65 S. Ct. 870 (1945), a long overruled import tax assessment case, for the sole purpose of defining the boundaries of the United States, ostensibly as they existed in 1945. Ex. A, Pl.'s Mot. to Reconsider, 3-4. Mr. Amen Ra also unsuccessfully attempts to analogize the holding in *Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913 (7th Cir. 2007) to the instant case by contending that he need not identify a country of origin to set forth a national origin discrimination claim. *Id*. at 3-5. However, *Salas* is inapposite to the instant action. In *Salas* the plaintiff claimed that he suffered national origin discrimination based on the fact that he is Hispanic. *Salas*, 493 F.3d at 923. The plaintiff did not link his Hispanic heritage to a particular country of origin. *Id.* The Seventh Circuit's limited holding established that a plaintiff alleging that he is "Hispanic" sufficiently identifies a national origin because of characteristics unique to Hispanic individuals such as appearance and accent. *Id*.

Unlike the plaintiff is *Salas*, Mr. Amen Ra has identified no physical, cultural or linguistic characteristics unique to Aboriginal-Indigenous Native American Moors. His new allegations that his ancestral Moorish heritage is evidenced by the facts that: (1) he is an active Public Minister for International Indigenous Society/ARNA, Aboriginal Republic of North America; (2) he has worn his hair in locks for the past nineteen years; and (3) he has been proactive in sharing human rights information with his community, are insufficient to meet the standard outlined in *Salas*. Ex. A, Pl.'s Mot. to Reconsider, 5; *See Lapine v. Edward Marshall Boehm, Inc.*, 1990 WL 43572, at *5 (N.D. Ill. Mar. 28, 1990) (holding that a claim of discrimination based on a person's status as Jewish does not state a claim for national origin discrimination as Jewish people hail from a variety of different countries and the term Jewish


does not suggest any unique physical or cultural characteristics of a national origin group). Participation as a minister is not a characteristic unique to individuals who identify as Moor; rather it is an indicia of a person's religious affiliation. Nor is the "proactive sharing of Human Rights Information" a characteristic unique to individuals who identify as Moor. Ex. A, Pl.'s Mot. to Reconsider, 5. Such advocacy is engaged in by people of various ethnic backgrounds. Furthermore, the fact that Mr. Amen Ra has worn his hair in locks for over nineteen years is similarly unavailing as many non-Moor individuals chose to "lock" their hair.

At the October 28, 2015 Status Hearing, this Court even attempted to clarify whether Mr. Amen Ra was claiming ancestral membership in a protected class such as the Choctaw Nation, rather than solely as an Aboriginal-Indigenous Native American Moor. Nevertheless, Mr. Amen Ra held steadfast to his assertion that his national origin discrimination claim rested solely on his membership as a Moor in the International Indigenous Society/ARNA, Aboriginal Republic of North America:

```
Page 2
    19.   THE COURT: So what are you claiming is your national
    20.   origin?
    21.   THE PLAINTIFF: National origin is I'm a Native
    22.   American.
    23.   THE COURT: And when you say a Native American --
    24.   THE PLAINTIFF: Yes.
    25.   THE COURT: Are you claiming to be a member of any
Page 3
    1.    tribe of Native Americans that's been recognized by the United
    2.    States Government?
    3.    THE PLAINTIFF: Yes. We have acknowledgment and
    4.    recognition. When I say "recognition," I mean our
    5.    acknowledgment is on record with the state department.
    6.    THE COURT: All right. Who is "our" or "we"?
    7.    THE PLAINTIFF: The International Indigenous Society/ARNA,
          Aboriginal Republic of North America.
Page 3
    19.   THE COURT: Okay. So you're claiming native --
    20.   you're claiming that your national origin is by virtue of your
    21.   membership in the International Indigenous Society/Aboriginal
    22.   Republic of North America?
    23.   THE PLAINTIFF: Yes, sir.
```

Ex. B, Status Hrg. Tr., 2-3, Oct. 28, 2015.

This testimony is consistent with Mr. Amen Ra's Motion to Reconsider, in which he states, "Moorish Americans are Aboriginal to this land which means we are also Indigenous and Native." Ex. A, Pl.'s Mot. to Reconsider, 2. Mr. Amen Ra has failed to introduce any new facts or authority demonstrating that the Court has made a "manifest error of law" in holding that Aboriginal-Indigenous Native American Moors are not a protected class under Title VII.

### B. Plaintiff Has Suffered No Adverse Employment Action.

The Court held that Mr. Amen Ra's national origin claim also suffered from a second defect; namely, he failed to plausibly allege that BNSF's refusal to change his status from US Citizen to US National constitutes a materially adverse employment action. Dkt. No. 41, Sept. 30, 2015 Order, 7. Mr. Amen Ra argues that because of BNSF's alleged inaccurate recording of his citizenship, the IRS has engaged in an "unauthorized withholding" of his pay, which has negatively affected his wealth, career prospects and pay and benefits. Ex. A, Pl.'s Mot. to Reconsider, 5-6. First, the IRS, not BNSF, imposes rules governing tax withholdings. Thus, withholding taxes from Mr. Amen Ra's pay is not an employment action promulgated by BNSF, rather it is a requirement imposed upon Mr. Amen Ra (and his co-workers) by the federal government. *See Yisrael v. Per Scholas, Inc.*, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004) (holding that the IRS, not the employer, imposes the requirement that an employee provide a SSN for tax withholding purposes).

Moreover, Northern District of Illinois District Court Judge Lee rejected and dismissed with prejudice this exact claim in case number 14-cv-7173. Ex. C, Memo & Order, 14-cv-7173, Aug. 17, 2015; Ex. D, Pl.'s Compl., 14-cv-7173, Sept. 15, 2014. Therefore, principals of res judicata bar Mr. Amen Ra from pursing a national origin discrimination claim based on BNSF's

withholding of federal taxes from his pay in the instant action. Res judicata provides that "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties…on the same cause of action." *Walznznak v. Chicago Bd. of Educ.*, 739 F.3d 1013 (7th Cir. 2014). In case number 14-cv-7173, Mr. Amen sought relief from the District Court for BNSF's "non-consensual taking of pay and breach of fiduciary duty." Ex. D, Pl.'s Compl., 14-cv-7173, Count I. Judge Lee held that under 26 U.S.C. § 3403, employers like BNSF are immune from lawsuits by any person for complying with the requirements of income tax collection. Ex. C, Memo & Op., 14-cv-7173, 9-10 (citing *Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993) (when a private entity "is acting as a private tax collector pursuant to federal tax laws, it is immune from suit" and the taxed employee's "sole remedy [is] to initiate a tax refund claim against the government")). Accordingly, BNSF is immune from suit for withholding federal income taxes from Mr. Amen Ra's pay, despite Mr. Amen Ra's assertion that such withholding constitutes impermissible employment discrimination.

### C. Plaintiff's Attempts to Re-Cast his National Origin Fail Because They Exceed the Scope of His EEOC Charge.

As mentioned in Section I(A), the Court dismissed Mr. Amen Ra's national-origin claim because, *inter alia*, none of the various ways he used to describe his national origin constitute "a protected class under Title VII." Dkt. No. 41, Sept. 30, 2015 Order, 5-6. During the October 28, 2015 hearing, Mr. Amen Ra tried to overcome that fatal pleading defect by making references to the Choctaw nation. However, he still declined to assert that this purported affiliation served as the basis of his national origin discrimination claim, even when asked directly by this Court. Instead, Mr. Amen Ra continued to assert that his membership in the International Indigenous Society/ARNA, Aboriginal Republic of North America served as the basis of his claim:

Page 9
    18.    THE COURT: so tell me where I'm going wrong, all right. You're

      19.    telling me, I had two grandmothers who were members of the
      20.    Choctaw Indian tribe as that tribe is recognized by the Bureau
      21.    of Indian Affairs.
      22.    THE PLAINTIFF: No, sir.
      23.    THE COURT: Okay.
      24.    THE PLAINTIFF: No, sir.
      24.    THE COURT: All right. Then clarify what you're
      25.    saying.
Page 10
      1.    THE PLAINTIFF: What I'm saying to you, Your Honor,
      2.    is the document I submitted as an exhibit that was recognized
      3.    by Condoleezza Rice, that was the document submitted to -- for
      4.    acknowledgment of the International Indigenous Society to the
      5.    U.S. state department saying this is who we are, this is how
      6.    we are operating. We are Native American.

Ex. B,Status Hrg. Tr., 6-7,10, Oct. 28, 2015.

Even if this Court were to read into Mr. Amen Ra's Complaint a claim for national origin discrimination based on his purported affiliation with the Choctaw Nation, such a claim exceeds the scope of the underlying EEOC charge as Mr. Amen Ra never first asserted such a claim before the EEOC. A true and correct copy of Mr. Amen Ra's November 18, 2013 EEOC charge number 21B-2014-00161 is attached to this Response as Exhibit E.[1] [2] The Seventh Circuit has consistently held that:

> [A] Title VII plaintiff cannot bring claims in a lawsuit that are not included in [his] EEOC charge… [because] allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.

---

[1] EEOC charge number 21B-2014-00161 was formerly Illinois Department of Human Rights ("IDHR") charge number 2014CF0363 until Mr. Amen Ra withdrew the charge from the IDHR and requested a right-sue-letter from the EEOC, at which time the EEOC re-identified the charge as 21B-2014-0061. *See* Ex. E, EEOC Charge No. 21 B-2014-00161.

[2] The Seventh Circuit permits an opposing party to support its motion to dismiss with supporting documentation that is relevant to: (1) documents referenced in a plaintiff's complaint; (2) documents that the plaintiff relied on in bringing suit; and (3) matters of which judicial notice may be taken, so long as such documents "are critical to the complaint." *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The purpose of this "is to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus, Inc.,* 300 F.3d at 735.

*Suarez v. Treater*, 2002 WL 1888456, at *2 (N.D. Ill. Aug. 16, 2002) (dismissing a *pro se* plaintiff's race discrimination claim because he failed to allege race discrimination in his original EEOC claim).

In Mr. Amen Ra's Response to BNSF's Motion to Dismiss, he attached as exhibit MM1, an EEOC right-to-sue letter dated June 18, 2014, to evidence that he had met the exhaustion requirement prior to initiating the instant litigation. Ex. F, Pl.'s Resp. to Def.'s Mot. to Dismiss, at Ex. MM1, Dec. 9, 2014. However, Mr. Amen Ra did not include the actual EEOC charge as an exhibit. In declining to adopt BNSF's failure to exhaust argument, the Court referenced Mr. Amen Ra's right-to-sue letter. Dkt. No. 41, Sept. 30, 2015 Order, 4. The Court held that it was BNSF's burden to prove failure to exhaust administrative remedies as an affirmative defense and that nothing on the face of Mr. Amen Ra's Complaint compels the Court to conclude that Mr. Amen Ra failed to exhaust such remedies. Dkt. No. 41, Sept. 30, 2015 Order, 4, 8.

Mr. Amen Ra's November 18, 2013 EEOC Charge very specifically asserts a "Citizenship" discrimination claim that focuses solely on BNSF's alleged refusal to change his status from US citizen to US National.[3] The Charge also asserts a religious discrimination claim. The Charge makes no reference to Mr. Amen Ra's alleged Native American ancestry, his affiliation with "Aboriginal-Indigenous Native American/Moors," the Choctaw nation, or any of the other variation of the national origin Mr. Amen Ra later claims in his Sept. 15, 2014 Complaint and subsequent pleadings.[4] Ex. E, EEOC Charge number 440-2015-05395, Nov. 18, 2013. Mr. Amen Ra describes the alleged *Citizenship* discrimination he endured as follows:

I.  A.  ISSUE/BASIS

---

[3] As the Court noted in Footnote 5 of its Order, "'Title VII does not … forbid discrimination on the grounds of citizenship.'" Dkt. 41, Sept. 30, 2015 Order, 5, n. 5 (citing *Fortino v. Quasar Co., a Div. of Matsushita Elec. Corp of Am.*, 950 F.2d 389, 382 (7th Cir. 1991)).
[4] The November 18, 2013 EEOC Charge also contains no allegations of retaliation or harassment.

9

**UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT, JULY 5, 2013, BECAUSE OF MY CITIZENSHIP STATUS, U.S. NATIONAL**

**B. PRIMA FACIE ALLEGATIONS**

1. **My citizenship status is an U.S. National.**

2. *Respondent has knowledge of my citizenship status*.

3. **I have satisfactorily performed my duties as a conductor and have been employed with the Respondent since October 22, 1993.**

4. **Beginning on or about November 15, 2012, and as recent as July 5, 2013, I have been subjected to unequal terms and conditions of employment by Keith Evans and Duncan Brown** *(U.S. Citizen)*, **Respondent's Human Resources Representative. Brown has been notified of my request to have the employer change my citizenship information in their personnel records from that of a United States Citizen, to U.S. National, to reflect my correct citizenship status; but, no effective action has been taken by the Respondent to respond to my legal requests.**

5. **Respondent's adverse actions have created a scenario for me which affects my employment benefits and additional legal benefit concerns to which I am entitled.**

6. **Similarly situated employees,** *whose citizenship statuses are not that of U.S. National,* **have been treated more favorably under similar circumstances.**

Ex. E, EEOC Charge number 440-2015-05395. (emphasis added).

The Seventh Circuit has consistently articulated the prohibition against allegedly "aggrieved employees complain[ing] to the EEOC of only certain instances of discrimination, and then seek[ing] judicial relief for difference instances of discrimination." *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). Mr. Amen Ra is not relieved of his duty to exhaust administrative remedies simply because he is a *pro se* plaintiff. *Sousa v. Dillon*, 1995 WL 584326, at *1 (N.D. Ill. Oct. 4, 1995) (holding that while courts generally construe pleadings broadly in favor of *pro se* litigants, courts do not "completely excuse such litigants from their

10

obligation to present facts in support of their claims"). Accordingly, Mr. Amen Ra's contention that the Court erred in finding that he failed to assert a national origin discrimination cause of action has no legal or factual basis.

## II. PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO STATE A RELIGIOUS DISCRIMINATION CAUSE OF ACTION.

In Section II of Mr. Amen Ra's Motion to Reconsider, he contests this Court's dismissal of his religious discrimination claim. The Court held that Mr. Amen Ra's religious discrimination claim is based entirely upon BNSF's continued use of his SSN on employment forms, despite Mr. Amen Ra's "request for the discontinuance of identification by a social security account number." Dkt. No. 41, Sept. 30, 2015 Order, 9; Ex.__ Pl.'s Mot. to Reconsider, 7-9. While the Court noted that Mr. Amen Ra failed to identify any religion in his complaint, it based its dismissal on the fact that Mr. Amen Ra failed to plead any factual allegations that BNSF's use of his SSN caused him to suffer a materially adverse employment action. Dkt. No. 41, Sept. 30, 2015 Order, 9.

### A. Mr. Amen Ra Misunderstands the Court's Holding Dismissing His Religious Discrimination Claim.

Mr. Amen Ra spends a portion of his Motion to Reconsider arguing that the Court erred in dismissing his religious discrimination claim because he failed to specifically identify the religion to which he is a member. Ex. A, Pl.'s Mot. to Reconsider, 6. For the first time in any of his pleadings, Mr. Amen Ra claims that his religious beliefs are not that of "traditional Christianity" and that he believes that a "SSN is the mark of the beast" as prophesized in the Book of Revelation of the Christian Bible.[5] *Id*. at 7. However, Mr. Amen Ra misinterprets this

---

[5]Plaintiff identified exhibit AA of his Complaint, as supporting documentation of his non-traditional Christian beliefs. Ex. A, Pl.'s Mot. to Reconsider, 6-7. However, the referenced documents provide that Mr. Amen Ra's "[l]ineage and Nationality is Aboriginal Moors *[Moslems]*." Ex. G, Pl.'s Compl., 14-cv-7171 at Ex. AA, Sept. 15, 2014. There is no reference to a non-traditional form of Christianity anywhere within these documents. Thus, the

11

Court's holding.  The Court dismissed Mr. Amen Ra's religious discrimination claim because he failed to plausibly allege that BNSF took a materially adverse action against him by using his SSN, not because he failed to specify his religious affiliation. Dkt. No. 41, Sept. 30, 2015 Order at 7.  Furthermore, contrary to Mr. Amen Ra's assertions, *EEOC v. Info. Sys. Consulting*, Civil Action No. CA-92-0169-T, provides no support to his claim.  *Information Systems Consulting* is a consent decree, which specifically states it "does not constitute an adjudication or finding by this Court on the merits of the allegations of the complaint" and that Information Systems Consulting did not "admit, nor [did the] Court [make] any determination with respect to, the claims that there have been any violation of Title VII or any other statute, regulation or ordinance…" *EEOC v. Info. Sys. Consulting*, Civil Action No. CA3-92-0169-T (D.C., E.D. TX Oct. 30, 1992).

### B. BNSF is Not Required to Violate Federal Law to Accommodate Mr. Amen Ra's Religious Beliefs.

Mr. Amen Ra argues, for the first time in his Motion to Reconsider, and without citation to case law, that because he supplied BNSF with multiple references to sections of the United States Code and the Code of Federal Regulations, including 26 U.S.C. 6721 (c)(1)(B) - Waiver of Penalty, and 26 U.S.C. §6724 (a) – Waiver of Penalty for Reasonable Cause, that BNSF's refusal to follow the identified code and regulation sections exposes BNSF to liability under Title VII.  This proposition is firmly rejected by the clear language of the statute and federal courts across the country.  Title VII of the Civil Rights Act of 1964 provides that an employer has an obligation to reasonably accommodate an employee's religious observance or practice so long as such *accommodation does not impose an undue hardship on the conduct of the employer's business*. 42 U.S.C. §2000e(j) (emphasis added).

---

question remains as to whether BNSF ever had knowledge of Mr. Amen Ra's religious affiliation as it has yet to be established during the course in this litigation.

An accommodation causes undue hardship whenever it results in more than *de minimis* cost to the employer. *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 67 (1986). Courts have consistently held that *as a matter of law* requiring an employer to refrain from using an employee's SSN based on the employee's religious beliefs would impose an undue hardship on the employer because such an accommodation requires the employer to violate federal and/or state law. *See Yisrael v. Per Scholas, Inc.*, 01 CIV.8290 DAB, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004); *Baltgalvis v. Newport News Shipbuilding, Inc.*, 132 F.Supp.2d 414, 418 (E.D.Va.2001); *Seaworth v. Pearson*, 203 F.3d 1056, 1057 (8th Cir. 2000) (holding that a prospective employer need not accommodate job candidate's religion-based refusal to provide SSN because such an accommodation would cause the employer to violate federal law); *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826 (9th Cir. 1999) (holding that a prospective employer did not violate Title VII by refusing to hire a job seeker who refused to provide his SSN because of his sincerely held belief that a SSN is the "Mark of the Beast"); *EEOC v. Allendale Nursing Centre*, 996 F. Supp. 712 (W.D. Mich. 1998) (holding that an employer is not required to incur a penalty from the IRS and then seek a waiver of the penalty under 26 U.S.C. §6724 in order to accommodate an employee's religious belief).

Mr. Amen Ra's religious belief that a "SSN is the mark of the beast" conflicts with federal IRS reporting requirements, not BNSF's employment requirements. Under Internal Revenue Code, 26 U.S.C. § 6109(a)(3) and (d), BNSF is required to secure and report the SSN of each employee. *See* IRC, 26 U.S.C. § 6109(a)(3) (stating that "any person required under the authority of this title to make a return… with respect to another person shall request from such other person, and shall include in any such return…, such identifying number as may be prescribed for securing proper identification of such other person); IRC, 26 U.S.C. § 6109(d) (the

social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act shall…be used as the identifying number for such individual for purposes of this title). For these reasons, Mr. Amen Ra's Motion to Reconsider must be denied.

### III.   PLAINTIFF IS UTILIZING VEXATIOUS LITIGATION TACTICS.

Absent from Mr. Amen Ra's Complaint is any mention of the two related lawsuits he filed with the Northern District of Illinois and his July 23, 2015 EEOC Charge. On October 22, 2014, Mr. Amen Ra filed case number 14-cv-08295, which is currently pending before District Judge Lee. Ex. H, IRS Compl., Case No. 14-08295. In that case, Mr. Amen Ra alleges, in part, that the IRS engaged in unfair and deceptive business practices by directing BNSF to withhold a portion of his wages for the payment of federal taxes; without his consent and over his explicit objection. *Id.* Mr. Amen Ra also filed case number 14-cv-7173, which as discussed in Section I(B) above, alleged that BNSF violated a "fiduciary responsibility" owed to him by withholding his wages, without his consent, and turning it over to the IRS to comply with federal taxation requirements. Ex. D, Pl.'s Compl., 14-cv-7173, Count I. Most recently, Mr. Amen Ra filed EEOC Charge Number 440-2015-05395, which is currently pending before the EEOC. Ex. I, EEOC Charge Number 440-2015-05395, July 23, 2015. In this Charge, Mr. Amen Ra alleges substantially the same claims against BNSF as asserted in the instant action; namely:

> **I have been subjected to different terms and conditions of employment, including, but not limited to, unauthorized docking of pay, discipline, and threat of discharge.**
>
> **I believe that I have been discriminated against because of my race, Native American, National Origin, Native American, and my religion, non-Christian, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

Ex. I, EEOC Charge Number 440-2015-05395.

Accordingly, BNSF requests that this Court issue a formal warning to Mr. Amen Ra for his frivolous and duplicative filings. Federal district courts are vested with the inherent power and constitutional obligation to manage their affairs so as to achieve orderly and expeditious disposition of cases and to protect themselves from vexatious litigation through the issuance of warnings and sanctions, by awarding attorneys' fees to opposing parties, and/or barring vexatious litigants from filing new papers with the court for a set period. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Alexander v. U.S.*, 121 F. 3d 312 (1997) (assessing attorneys' fees against non-attorney party for filing false and frivolous pleadings and wrongfully initiating additional proceedings in different tribunals based on the same issues). Mr. Amen Ra cannot force BNSF to defend against separate actions, in multiple different fora, regarding substantially the same claims. *See Rogers v. Ameriprise Fin. Srvs.*, 2008 WL 4826262 at *2 (N.D. Ill. 2008) (holding, in part, that plaintiff could not pursue the same dispute in two fora); *Chambers*, 501 U.S. at 57 (holding that a court may impose sanctions upon a party for conduct before other tribunals). That is an abuse of process. The Court should, therefore, formally warn Mr. Amen Ra for his meritless and duplicative filings.

## CONCLUSION

WHEREFORE, Defendants, BNSF RAILWAY COMPANY and MATTHEW K. ROSE respectfully request that this Honorable Court:

1. Stay discovery in this matter until the Court's disposition of Plaintiff's Motion to Reconsider Judge's Order and BNSF has filed an Answer to Mr. Amen Ra's Complaint;

2. Deny Plaintiff's Motion to Reconsider Judge's Order;

3. Formally warn Mr. Amen Ra for his meritless and duplicative filings; and

4. For any other relief this Court deems proper.

                BNSF RAILWAY COMPANY and
                MATTHEW K. ROSE

                By:    /s/ Heather R. Adams
                         One of the Attorneys for Defendants

Raymond H. Groble III
Heather R. Adams
Daley Mohan Groble, P.C.
55 W. Monroe, Suite 1600
Chicago, Illinois 60603
(312) 422-9999
groble@daleymohan.com
hadams@daleymohan.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SIMEON LEWIS, Estate, Simeon Washa Amen Ra Ex, | ) ) ) |
| Plaintiff, | ) Case No: 14 CV 7171 |
| v. | ) ) Honorable Judge Tharp Jr. |
| | ) Magistrate Judge Valdez |
| BNSF RAILWAY Company, C.E.O. Matthew K. Rose | ) ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing **BNSF RAILWAY COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER** was served upon the below-named individual(s) at the address below by either emailing it via CM/ECF electronic filing at his/her email address on the file and/or was placed in the U.S. Mail at 55 W. Monroe St., Chicago, Illinois, 60603, with proper postage prepaid thereon, on the 7th day of December, 2015 to the following party:

*Pro Se* Plaintiff
Simeon Washa Amen Re Ex
P.O. Box 199273
Chicago, Illinois 60619

/s/ Heather R. Adams
Daley Mohan Groble, P.C.
55 W. Monroe, Suite 1600
Chicago, Illinois 60603
(312) 422-9999